# Hosea *v.* Davis, Admr.

*Petition by Administrator for Sale of Lands for Payment of Debts.*

1. *Decedent's estate; rights of minors.*—Where a married man at the time of his death owns other lands in this State than his homestead, and his estate has never been decreed insolvent, the rights of use and occupancy of the homestead, and the perception of rents, incomes and profits therefrom, during the life of the widow or the minority of child or children, whichever might last terminate, vest in the widow and minor children; but they take no title to the land, and in the event one of said minor children dies, said child has no title in the land which can be sold after its death pending the minority of any of the other children.

APPEAL from the Probate Court of Clark.

Tried before the HON. JOHN M. WILSON.

The proceeding in this case was had by the appellee, L. J. Davis, as the administrator of the estate of Irene Davis, deceased, filing a petition in the Probate Court of Clark County, asking to have certain lands, specifically described therein, sold for the payment of the debts of his intestate—it being averred in the petition that the said Irene Davis was, at the time of her death, the owner of a half interest in and to said lands. The petition was contested by the appellant, Beulah Hosea, who was formerly Beulah Davis, and was a sister of the said Irene Davis. The contestant moved the court to dismiss the petition upon the ground that the estate of the said Irene Davis had no interest in said lands described in the petition. This motion was over-ruled.

Upon the trial, it was shown that J. M. Davis, the father of Irene Davis and the contestant, died on the 20th day of March, 1895, and left surviving him a widow and children. Subsequently, the widow died, and one surviving child, Irene Davis (the intestate of the petitioner), died, leaving Beulah Hosea, a surviving minor child. That at the time of the death of J. M. Davis, he owned other lands than his homestead. That the homestead had been set apart to Beulah Davis (now Beulah Hosea) as a homestead, and was occupied by her as such; and that she was at the time of the filing of the petition, a minor.

Upon the hearing of the evidence, the Court granted the relief prayed for, and ordered the property sold in accordance with the prayer of the petition. The contestant appealed, and assigned as error the over-ruling of her motion to dismiss the petition and the judgment of the Court ordering the sale of the property.

DAVIS & GREEN and W. D. DUNN, for appellant.

LACKLAND & WILSON, contra.—This ex-parte proceeding by Beulah Hosea for the allotment of a homestead from the lands of J. M. Davis, deceased, was also void

because the petition was wanting in jurisdictional aver-
ments in this, to-wit: It failed to aver that the lands
owned by the decedent, J. M. Davis, at the time of his
death was all of the real estate owned by him, and that it
did not exceed in area 160 acres and two thousand dollars
in value. Said petition does not contain the necessary
statutory averments sufficient to confer jurisdiction upon
the Probate Court, and a decree rendered thereon was
absolutely void.—*Brooks v. Johns,* 119 Ala. 412; *Cham-
blee et als. v. Cole,* 128 Ala. 649.

McCLELLAN, C. J.—J. M. Davis at the time of his
death owned other lands in this State than his home-
stead. Hence § 2071 of the Code—or rather the act of
December 13th, 1892—did not operate to vest title to his
homestead in his widow and minor children. His estate
has never been declared insolvent. Hence title was not
vested in them under § 2069. They took no title to the
land, but only the rights of use, occupancy and the per-
ception of rents, incomes and profits "during the life
of the widow or the minority of the child or children,
whichever might last terminate." The widow and one of
the minor children, Irene Davis, having died, these
rights .enured solely to the surviving minor child, Beu-
lah Davis, now Mrs. Hosea; and were confirmed to her
by the setting apart of this land as homestead exemption
to her subsequent to the deaths of her mother and sister.
She is entitled to hold and occupy it during her minority,
not only free from the debts of her father's estate but
free also from descent, a continuation in a sense of the
father's homestead title.—*Miller v. Marx,* 55 Ala. 322,
342-3. Irene Davis therefore had at the time of her death
no title to this land as a homestead, but only the right to
use and occupy it during her minority. This right, of
course, was cut short by her death. She had no right or
title as an heir of J. M. Davis, deceased, which could be
sold after her death pending the minority of Beulah
Davis. Hence there was no authority in the probate
court to order the sale of any interest in the land to pay
the debts of her estate, while it was held by Mrs. Hosea

[Cronk v. Cronk *et al.*]

as a homestead exemption. What the legal status of the land will be upon the termination of Mrs. Hosea's said homestead by her attaining the age of twenty-one years, the exigencies of this case do not require us to discuss.

The probate court erred in decreeing the sale of an undivided half interest in this land to pay the alleged debts of the estate of Irene Davis, deceased. That decree will be reversed, and a decree will be here entered denying the prayer of the petition and dismissing it out of court.

Reversed and rendered.

TYSON, SIMPSON and ANDERSON, J.J., concurring.