[Miller, Treasurer v. State ex rel. Paris, Coroner.]

# Miller, Treasurer *v.* State *ex. rel.* Paris, Coroner.

*Petition for Mandamus to Compel Treasurer to Pay Coroner's Fees Before they are Audited.*

[DECIDED DEC. 21, 1905, 39 So. REP. 658.]

1. *Counties; Audit of Claim; Allowance of Coroner's Fees.*—Notwithstanding the act approved Feb. 10, 1899 (Acts 1898-99, p. 815) provides for the payment of coroner's fees in J. county without reference to the board of revenue, under the financial policy of the general laws of the State, the coroner is not entitled to have the treasurer pay his fees until they have been auditd and allowed by the board.

2. *Same; Statutes; Conflicting Provisions.*—Acts 1898-99, p. 815, requiring a coroner to itemize and verify his accounts for fees claimed for holding inquests, etc., creates no irreconcilable conflict between such act and the general laws requiring the auditing and allowance by the board of revenue of all claims against the county.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Petition for mandamus by Parris, as coroner of Jefferson county to require the treasurer of said county to pay him fees earned as coroner without having the same audited and allowed by the Board of Revenue. The treasurer answered setting up the want of authority to pay said claims before they were audited and allowed by the board. Demurrers were sustained to the answer and a peremptory writ granted.

SHARPE & MILLER and CALDWELL & CARMICHAEL, for appellant.—The appellant is under no legal duty to pay the warrant drawn by the coroner and is under no duty to pay any warrant except that drawn by the Board of Revenue.—Code of Alabama, Sections 1416, 958, 1429, subd. 3, 1417, subd. 4 and 13, and 4573; Acts 1898, pp. 815, 1115; *Jefferson County v. Abernathy*, 139 Ala. 268;

*Hawkins v. Duncan,* 103 Ala. 398; *Troup v. Morgan County,* 109 Ala. 156; *Torbert v. Hale County,* 131 Ala. 145; *Shinbone v. Randolph County,* 66 Ala. 184; *Reese v. Cleburne County,* 139 Ala. 303; *Jackson v. Dinkins,* 46 Ala. 71; *Pfaff v. State, ex rel.,* 94 Ind. 529. By submitting his bill to the Board of Revenue and accepting the warrant and receiving the amount thereof, the coroner waived his right to collect the balance.—Code 1896, Section 13; *Luny v. Jackson County,* 105 Ala. 598. The sections of the Code relative to the presentation of claims against the county show a consistent policy of the law to refer all claims to the commissioners court and to pay nothing that has not been considered and allowed by the court. This being the rule, claims to be paid otherwise must be shown to have been clearly exempted from the operation of this rule. This the local acts relied on by the coroner does not do.—*Hawkins v. Duncan, supra; Troup r. Morgan, supra.* The act creating the board of revenue contains the provision that the board shall have the sole right and authority to bind the county for the payment of money.—*Naftel v. City of Montgomery,* 127 Ala. 568.

RICHARD H. FRIES, for appellee.—The local act under which the coroner claims the right to collect these fees without audit is clear and explicit and needs no construction. All discretion has been taken away from the board in reference to this matter.—*Jefferson County r. Abernathy,* 139 Ala. 264. The board acts as an executive or administrative body and not judicially.—*Commisisoners v. Moore,* 53 Ala. 25; *Jefferson Publishing Co. v. Hilliard,* 105 Ala. 576; *State v. Rogers,* 107 Ala. 444.

A special act is not repealed, modified or controlled by a general act even when they relate to the same subject matter unless they are so incompatible that both cannot stand.—*Pearce r. Bank,* 33 Ala. 693; *M. & O. R. R. Co. r. State,* 29 Ala. 573; 61 Ala. 232; 62 Ala. 39; 70 Ala. 352.

DOWDELL, J.—This is a proceeding on petition for a mandamus against the defendant, Miller, as treasurer

[Miller, Treasurer v. State *ex rel.* Paris, Coroner.]

of Jefferson county, to compel him as such treasurer to pay petitioner's claim for fees as coroner of Jefferson county for holding an inquest. The petitioner's claim was duly itemized and verified, and presented to the defendant as treasurer for payment, and was refused. The refusal of the treasurer was put upon the ground that the claim of the petitioner had not been audited and allowed by the board of revenue of Jefferson county, and until that was done he (the treasurer) was not authorized under the law to pay the claim. On the hearing of the petition, the city court ordered a peremptory writ of mandamus to issue to the defendant, directing his as such treasurer to pay the claim, and from this judgment of the city court the present appeal is prosecuted.

The contention of the petitioner, appellee here, is that under the special act approved February 10, 1899 (Acts 1898-99, p. 815), the board of revenue of Jefferson county have no discretion as to the allowance of a claim for fees by the coroner of that county, and therefore no authority in law to audit and allow the same. In support of this contention the appellee relies mainly upon the case of *Jefferson county v. Abernathy*, 139 Ala. 268 35 South 881, and an expression by BRICKELL, C. J., in the case of *Hawkins v. Duncan*, 103 Ala. 392, 15 South. 828; and, furthermore, in connection with the expression used in the latter case upon the provision contained in section 2 of the special act of February 10th, which requires the claim of the coroner for his fees for holding an inquest to be "itemized and verified." In the case of *Jefferson County v. Abernathy*, *supra*, which was a suit against the county, and in which it was averred and proven that the coroner's claim for fees for holding an inquest had been presented to the board of revenue and disallowed, it was held that the special act of February 10th was inconsistent with the general statute, in that it took away from the board of revenue the discretion conferred on that body by the general statute in the matter of the allowance of the claim of the coroner for fees in holding inquests, and to this extent the special act repealed the general statute. We took oc-

[Miller, Treasurer v. State *ex rel.* Paris, Coroner.]

casion, also, to say in that case that other provisions of the general statute which were not in conflict with the special act were unaffected by the latter and remained in force.

It has been, and still is, the general financial policy of the state that all claims against a county shall be presented to the commissioners' court, or to the boards of revenue exercising the powers and duties of the commissioners' court.—Code 1896, § 958, subd. 3; sections 1416, 1417; section 1429, subd. 4. This same financial policy is manifested in the local act of February 18, 1899. Acts 1898-99, p. 1115, creating the board of revenue of Jefferson county in sections 3, 4, 6, and 9 of said act, and which said local act was passed subsequent to the special act in question. Besides the duties and powers conferred on that board by said local act in sections 3, 6, and 9, section 4 gives the board all the jurisdiction and powers vested in the county commissioners, and requires it to perform all the duties and services required by law of courts of county commissioners. Among the duties required by the general law, as well as by the local act of February 18, 1899, is to be found the duty of auditing all the claims against the county, of allowing the same, of issuing the warrants to the treasurer, and of keeping a registry of the same. We fail to see any inconsistency or repugnancy between the provisions of the general law requiring the auditing and allowance by the board of revenue of the claims of the coroner for fees in holding an inquest and any provision in the special act in question. It may be that under the influence of the decision in *Jefferson County v. Abernathy, supra,* if the board of revenue should refuse to audit and allow the coroner's claim for fees in a proper case, and where the same were due him under the law for holding an inquest, a writ of mandamus would lie to compel the board to a discharge of that duty or, if the claim was disallowed, the coroner might sue the county, as was done in the *Abernathy Case.*

We do not think that the duty of itemizing and verifying his accounts or claims for fees in the holding of inquests, put upon the coroner by section 2 of the special

32

act, creates any irreconcilable conflict between that act and the general law requiring the auditing and allowing by the board of revenue of all claims against the county. The two provisions, we are of opinion, can consistently stand together. It is not a clear expression of intention to repeal the general by the special law. The general statute provides as follows (section 1417) : "No claim against the county shall be passed upon or allowed by the court of county commissioners unless it is itemized and sworn to by the claimant, or some person in his behalf having personal knowledge of the fact; and all claims passed upon and allowed, according to this section, must be entered in the order in which they were allowed, in a book kept for that purpose, and filed for future reference within two weeks after the term at which such allowance was made, and the testimony requird in the allowance of a claim must show whether or not any part thereof has been previously paid." By this section the itemization and verification of all claims against the county is required; so the provision of section 2 of the special act, which required the coroner to itemize and verify his claim for inquest fees, does nothing more than the general statute requires to be done as to all claims against the county which have to be presented to and allowed by the commissioner's court. Moreover, if the coroner's claim for fees was not to be presented for audit and allowance and registry, as provided in the general statute, he would be given a preference in the order of payment by the treasurer over other claims.

Our conclusion is that the city court erred in awarding a peremptory mandamus against the treasurer, and the judgment will be reversed, and a judgment here rendered denying the mandamus.

Reversed and rendered.

HARALSON, TYSON, and DENSON, JJ.. concur.