# State, *ex rel.* City of Mobile *v.* Board of R. & R. Com. of Mobile Co.

### *Mandamus.*

(Decided April 17, 1913.   61 South. 814.)

1. *Counties; Claims; Verification and Presentation.*—The provisions of section 147 and 150, Code 1907, apply to all claims against counties, except where special laws expressly or by necessary implication provide for a different mode of dealing with such claims, or where a law itself determines the fact and the amount of the claim leaving nothing to be ascertained or determined by the county board.

2. *Same.*—The statutes requiring a city to keep an accurate and true account of certain expenditures, providing that it shall be the duty of the Board of Revenue and Road Commissioners of that county, to pay out of the county treasury a specified portion thereof after an examination of such accounts and finding them correct, is not a provision for a special or exceptional mode of procedure with respect to the city's claim against the county, and hence, such claims fall within the provisions of section 147 and 150, Code 1907; nor do such statutes require the county board of its own initiative to make an independent investigation of the city's books, and pay their proportionate share of such claims. Hence, the city cannot by mandamus compel the county board to pay such accounts, and to examine and audit others, where a compliance with said section 147 and 150, Code 1907, is not alleged.

3. *Statutes; Construction.*—Acts 1900-1, p. 2064, section 1, is meaningless and incapable of any legal operation or effect, since the only account required to be kept, and of which the county board is required to pay one-half, is an account of the number and character of admissions into the pest house.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Mandamus by the State on the relation of the City of Mobile against the Board of Revenue and Road Commissioners of Mobile County and others. Judgment sustaining demurrer to the petition, and petitioner appeals. Affirmed.

Five separate petitions were filed for writs of mandamus against the board of revenue and road commissioners of Mobile county. In cases numbered 738, 739, and 740 the petitioner seeks to compel the respondent to cause warrants to be issued upon the treasurer of Mobile county for the payment of certain sums of money alleged to be due petitioner under and by virtue of three several acts of the Legislature. These acts, respectively, provide that the city of Mobile shall cause to be kept an accurate and true account, first, of the amounts annually expended (beginning with the dates of the acts) in opening, improving, and maintaining the drains and streets of the city; second, in caring for the inmates of the city hospital; and, third, of the number of admissions into the city pesthouse. They each conclude with this language: "It shall be the duty of the board of revenue and road commissioners, after an examination of said accounts, and upon finding the same correct, to pay (one-fourth thereof as to drains and streets, and one-half thereof as to hospital and pesthouse) out of the county treasury." These three cases above named deal with the period down to November 30, 1908, and the petitions allege that the accrued accounts down to that date had been examined by the board through an expert accountant employed for that purpose, who made his written report to the board in February, 1909, finding the city's account correct to the extent of ascertaining an aggregate pro ratum for

the city of about $43,000. In cases numbered 741 and 742 it is alleged that the city had kept the several accounts required from January, 1909, to January, 1912, but that the board has neglected and failed to examine and audit same, and the prayer is that it be compelled to do so.

Respondents demurred to the petitions in Nos. 738, 739, and 740 on numerous grounds, among others, the following: (D) Because it does not appear from the said petition that the said claim of the city of Mobile was itemized and sworn to by the said city of Mobile, or some person in its behalf having personal knowledge of the fact as required by section 147 of the Code. (F) Because it is not alleged in said petition that the board of revenue and road commissioners of said county had examined the said account and found the same to be correct. (J) Because there could be no legal authority for the issuance of the warrant upon the treasury of Mobile county until said claim was passed and allowed by the board of revenue and road commissioners of Mobile county, and it is not alleged in said petition that the said claim has been so passed and allowed. (N) It cannot be definitely ascertained from the said petition what is the just and true amount expended by the city of Mobile in maintaining, opening, widening, cleaning, and repairing the drains in said city, and in repairing, cleaning, and maintaining the unpaved streets of said city during each or any one of said years. (R) Because it appears from the said allegations of the said petitions that the petitioner's only remedy is by mandamus either to compel these respondents to audit and pass upon said claims, or by mandamus against the person whose ministerial duty it is to issue a warrant, if said claim has been audited and allowed; while, on the other hand, the applicant has a complete and adequate rem-

edy at law for the collection of the same, if the same is just and has been rejected.

There were demurrers also to the petition in numbers 741 and 742, on these, among other grounds: (1) Because it does not appear from the said petition that the city of Mobile presented the said accounts to the board of revenue and road commissioners annually for such examination. (3) Because it does not appear from said petition that any demand has ever been made upon the board of revenue or road commissioners to examine said account, or that they have ever been offered or afforded the opportunity to do so.

The court sustained the demurrers to the several petitions, and petitioner appeals.

B. BOYKIN BOONE, and STEVENS, LYON & DEAN, for appellant. The statutes under consideration, and on the authority of which it is contended that the payment sought should be made, are constitutional.—*Ensley Co. v. Powell,* 147 Ala. 300; *Jefferson County v. State, ex rel. Birmingham,* 54 South. 757; *Calhoun County v. City of Anniston,* 58 South. 225. The statutes are not void for uncertainty.—*Cociola v. Wood-Dickerson,* 136 Ala. 536; *Morse v. Mosely,* 148 Ala. 168; *Thompson v. State,* 20 Ala. 54. The special method of passing upon the demand is provided, and this supersedes the methods provided by the general statute found in sections 147-150, Code 1907.—*Commissioner's Court v. Rather,* 48 Ala. 445; *Auditor v. Supervisors,* 64 N. W. 576. The examination and passing upon claims by the county commissioners is purely ministerial.—*Comm. Ct. v. Moore,* 53 Ala. 25; *Jeffersonian Pub. Co. v. Hilliard,* 105 Ala. 578. The judge of probate cannot issue his warrant until he had been ordered to do so by the proper authorities.—*Smith v. McCutcheon,* 146 Ala. 460. No demand was necessary.—26 Cyc. 442.

GREGORY L. & H. T. SMITH, and SULLIVAN & STALL-
WORTH, for appellee. The statute relative to the pest
house was violative of section 45 of the Constitution,
and the statute authorizing the county to pay a part
of the cost of maintaining the streets of the city is
violative .of section 216, Constitution 1901. The statute
relative to the pest house is meaningless, as it requires
only that the city keep an account of the number of
and character of the admissions. However, this may be,
the claims here sought were not properly presented
for auditing, nor were they presented in the time al-
lowed, nor is any special or different provision made
as to their audit or allowance.—Secs. 147, 150, Code
1907; 23 Pac. 1032; *Miller v. Paris*, 145 Ala. 494. No
request or demand has ever been made for an exam-
ination of the accounts by the board of revenue. This
is a condition precedent.—*Ex parte Edwards*, 123 Ala.
102. The accounts have never been audited or passed
by the board of Revenue.—*Hand v. Stapleton*, 135 Ala.
160; 13 Cal. 358; 2 Kan. 123; 13 Ohio St. 394. These
facts having never been ascertained and determined,
mandamus will not lie.—*State, ex rel. v. Langan*, 149
Ala. 647; *Chilton County v. Southern Ry. Co.*, 146 Ala.
442; *Miller v. Paris, supra; Scarbrough v. Watson*,
140 Ala. 351. No one can issue warrants on the county
treasurer but the judge of probate, and he cannot do so
without authority from the board.—Sec. 146, Code
1907; *Norwood v. Clemm*, 143 Ala. 556; *Smith. v. Mc-
Cutcheon*, 146 Ala. 458, and authorities supra.

SOMERVILLE, J.—With respect to the obligations
imposed upon the board of revenue of Mobile county
by the several special acts referred to, it is the theory of
petitioner that the duty of paying to the city a propor-
tionate amount of the expenses incurred by the city in

the matter of its drains and streets, and in the maintenance of its hospital and pesthouse, does not constitute those amounts claims against the county within the operation of sections 146, 147, and 150 of the Code, and hence that the accounts kept by the city in regard to those matters need not be itemized and sworn to, as required by section 147, nor presented for allowance within 12 months after their accrual, as required. by section 150. The argument in this behalf is that these acts merely provide for a division of certain governmental burdens between two of the governmental agencies of the state, and that they contemplate an investigation by the county board of the city's accounts as found on the city's books, without presentment or initiative by the city. The reasons urged in support of this view are not lacking in plausibility, but they are not at all convincing.

As declared in *Miller v. Paris*, 145 Ala. 494, 497, 39 South. 658, 659: "It has been, and still is, the general financial policy of the state that all claims against a county shall be presented to the commissioners' court, or to the board of revenue exercising the powers and duties of the commissioners' court." Where special laws in express terms or by necessary implication provide for a different mode of dealing with such claims, that mode is, of course, to be followed, though in derogation of the general statutes and policy of the state. —*Dale County v. Gunter*, 46 Ala. 134; *Commissioners v. Rather*, 48 Ala. 433. And, again, where the law itself determines the fact and the amount of the claim, leaving nothing to be ascertained or determined by the county board, it is generally held that presentment for audit, and allowance or rejection is not contemplated nor required.—*Caldwell v. Dunklin*, 65 Ala. 461; *Shinbone v. Randolph County*, 56 Ala. 183. In cases other

than those which fall within the two exceptional classes above referred to, we can find no authority in our statutes or decisions for suspending the operation of our general statutes on this subject.

It is argued that the acts in question do provide a special mode to be pursued by the claimant city in the collection of these claims, that they dispense with the presentation of an itemized and sworn statement of accounts, and that they require the county board to make an independent investigation on its own initiative of the various books kept by the city in which the items of the account may appear. The language of the acts is that the board "after an examination of said account, and upon finding the same correct, shall pay ＊ ＊ ＊ out of the county treasury." It is imposible, we think, to discover in this language any legislative purpose to dispense with the general provisions of the law, and to provide for these cases a special and exceptional mode of procedure. The policy of the General Statutes is certainly as pertinent to these claims as to any others. The uniform and harmonious operation of general laws expressive of a wholesome public policy cannot be defeated by purely argumentative implications from the doubtful language of special acts. It is to be observed that these acts require the audit and allowance of these accounts as a condition to their payment. They are wholly silent as to which party shall take the initiative in that procedure. There is no suggestion that the county board shall do so, and certainly no requirement that the board shall undertake the extraordinary and wholly unreasonable task of sifting the books of the city for the collection of the items of an account which must, in the nature of things, be numerous and widely diffused. Every consideration, both of convenience and policy, would forbid the shifting of such a burden

from the creditor who keeps and knows his accounts to the debtor who knows nothing about them. We conclude that the language of these acts is entirely consistent in this regard with the general statutes to which we have referred, and that the provisions of the latter must govern in the presentment and enforcement of these claims.—*Miller v. Paris,* 145 Ala. 494, 39 South. 658. It follows that all of the petitions are defective in not showing compliance with sections 147 and 150 of the Code, and for this reason the demurrers were properly sustained.

The act of March 2, 1901 (Laws 1900-01, p. 2064), "to require the county of Mobile to pay one-half of the maintenance of the city pesthouse in the city of Mobile," is as follows: "Section 1. Be it enacted by the General Assembly of Alabama, that the mayor and general council of the city of Mobile shall cause to be kept an accurate and true account, commencing from the date of the passage and approval of this act, by the city of Mobile, of the number of admissions into the city pesthouse that are subjects of public charity, and those with any infectious or contagious disease, and it shall be the duty of the board of roads and revenue commissioners of the county of Mobile, after an examination of said accounts, and finding the same correct, to pay one-half thereof out of the county treasury." The only account required to be kept by the city is of the number and character of admissions, and the county board is required to pay one-half thereof. As framed, this act is without meaning, and is incapable of any legal operation or effect. Its infirmity is aptly pointed out by demurrer.

Other questions raised by the demurrers need not now be considered, and the judgment will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.