(80 South. 368)

STATE ex rel. CITY OF MOBILE v. BOARD OF REVENUE AND ROAD COM'RS.
(1 Div. 60.)

(Supreme Court of Alabama. Dec. 19, 1918.)

1. MANDAMUS ⬮16(1)—PROPRIETY OF WRIT —INEFFECTIVENESS.

Mandamus will not issue on the petition of the city of Mobile to compel the county board of revenue and road commissioners to audit accounts and pay half the expenses of the city hospital, under Acts 1900–01, pp. 1834, 1835, where a claim for such expenses had been filed and disallowed by lapse of the 90-day period provided by Code 1907, § 2472.

2. MANDAMUS ⬮3(6)—PROPRIETY OF REMEDY —ADEQUATE REMEDY AT LAW—CLAIMS AGAINST COUNTY.

Where the claim of the city of Mobile against the county of Mobile for one-half of hospital expenses required to be paid by Pub. Acts 1900–01, pp. 1834, 1835, has been disallowed by lapse of the 90-day period prescribed in Code 1907, § 2472, the city has an adequate and complete remedy at law, and mandamus will not lie to compel the county board of revenue and road commissioners to audit such claims.

3. STATUTES ⬮211 — TITLE AS COMPONENT PART—CONSTITUTIONAL PROVISIONS.

The title of an act is a part of the act, under Const. 1901, § 45.

4. STATUTES ⬮211—CONSTRUCTION—EFFECT OF TITLE.

While the title of an act cannot contradict plain terms in the enacting clause, its recitals are available aids to the removal of ambiguity or uncertainty in the enacting clause.

5. STATUTES ⬮210—CONSTRUCTION—EFFECT OF PREAMBLE.

In case of doubt in respect of an ambiguous legislative context, the preamble of the act must be resorted to, to ascertain the intent and to resolve the doubt.

6. STATUTES ⬮47—VALIDITY—UNCERTAINTY.

Acts 1900–01, pp. 1834, 1835, requiring the county of Mobile to pay half of the expenses of county patients in the Mobile city hospital, is not void as being meaningless, indefinite, or uncertain.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

———

Petition for mandamus by the State, on relation of the City of Mobile, against the Board of Revenue and Road Commissioners. Decree for defendant, and relator appeals. Affirmed.

Robert H. Smith, of Mobile, for appellant.

Gordon & Edington, of Mobile, for appellee.

McCLELLAN, J. Petition for writ of mandamus, by the state, on the relation of the city of Mobile, to require the board of revenue and road commissioners of the county of Mobile to discharge the asserted duty of that body to examine or audit certain accounts filed by the city of Mobile with the board of revenue, etc., of the county of Mobile. The duty claimed to exist, the discharge of which is sought to be compelled, is said to have been created by the act approved March 1, 1901 (Acts 1900–01, pp. 1834, 1835). The title, preamble, and sections 1 and 2 of the act read:

"An act to require the county of Mobile to pay one-half of the maintenance of the city hospital of the city of Mobile.

"Whereas, the inhabitants of the city of Mobile pay 88 per cent. of all the county taxes levied and collected in and for the county of Mobile; and whereas, over 60 per cent. of the inmates that are admitted into the said hospital and not residents of the city, but are from the county and state and who live outside of the city of Mobile.

"Section 1. Be it enacted by the General Assembly of Alabama, that the mayor and general council of the city of Mobile shall cause to be kept an accurate and true account of the amount annually expended commencing from the time of the passage and approval of this act by the city of Mobile, and that the number of inmates that are admitted for medical treatment which cannot be given at the city dispensary and are at the same time fit subjects for public charity; it shall be the duty of the board of revenue and road commissioners of the county of Mobile after examination of the said account and on finding the same correct to pay one-half thereof out of the county treasury.

"Sec. 2. Be it further enacted, that the president of the board of revenue and road commissioners of the county of Mobile and the Mayor of the city of Mobile shall issue such permits for admission into the city hospital of the city of Mobile to all persons who make application for admission into the city hospital that are fit subjects for public charity."

The court below refused to grant the writ. Since the writ of mandamus will not issue, either where its effect would be wholly vain or where an adequate remedy at law exists, the action of the court below in refusing the writ was justified.

[1, 2] In Code, § 2472, it is pertinently provided, amendatory of the parent statute (section 13) in the Code of 1896:

"The failure or refusal of the court to enter upon its minutes the disallowance or reduction of the claim for ninety days [presumably after its filing] is a disallowance."

The claim here in question was filed with the county body more than 90 days before this petition was filed. State ex rel. City of Mobile v. Board of Revenue, etc., of Mobile County, 180 Ala. 514, 61 South. 814, is direct authority for the conclusion that the general laws relating to the presentation to the county body of claims of this character and their enforcement—citing sections 147 and 150 of the Code of 1907—were not modified or repealed by any provision in the three acts of the series of which the above-quoted act is one. The inevitable result from that decision is that the claims here in question have been disallowed by operation of the general provisions of law now constituting a part of section 2472, before quoted. To now grant the writ of mandamus to compel an audit of the claims would be a wholly vain act; the claims being already disallowed by the elapsing of the 90-day period prescribed in section 2472. Furthermore in these circumstances, so far as the remedy for the enforcement of what is justly, legally due the city under the act of 1901, the city's remedy at law is adequate and complete.

While these considerations suffice to approve the action of the court in refusing the writ, it seems important and desirable to respond to the earnest contention of the appellee that the quoted act is void for indefiniteness and uncertainty, and is wholly meaningless in respect of the character and purposes for which the city may have proportionate reimbursement from the county treasury.

[3-6] The act has a title, as required by section 45 of the Constitution of 1901, in which it makes plain reference to the "City Hospital of the city of Mobile." Presumably, such an institution existed when the act became a law. The act has a preamble in which unmistakable reference is made to the "said hospital," undoubtedly contemplating the "city hospital of the city of Mobile," to which the title referred. In section 2 of the act the "city hospital" is twice mentioned. The title of an act is a part of the act, made so by the provisions of section 45 of the Constitution. Jones v. Stokes, 179 Ala. 579, 585, 60 South. 280; State v. Bolden, 90 Am. St. Rep. 280, note 284; United States v. Fisher, 2 Cranch, 358, 2 L. Ed. 304; 36 Cyc. pp. 1133–1135. While the title to an act cannot serve to institute a contradiction of plain terms in the enacting clauses of an act, yet the recitals of the title are available aids to the removal of ambiguity or uncertainty in the enacting clauses of an act. Bartlett v. Morris, 9 Port. 266, 270; Blakeney v. Blakeney, 6 Port. 109, 30 Am. Dec. 574; Jones v. Stokes, supra. In cases of doubt in respect of an ambiguous legislative context, the pre-

amble of an act must be resorted to to ascertain the intent and to resolve the doubt. 36 Cyc. pp. 1132, 1133; Price v. Forrest, 173 U. S. 410, 426–428, 19 Sup. Ct. 434, 43 L. Ed. 749. When the whole act—title, preamble, and enacting clauses—is read, it is clear that the act's intent is not meaningless, indefinite, or uncertain; is not void for those reasons. Its purpose was, and is now, so far as we are at present advised, to require the county treasury to reimburse the city of Mobile for one-half of the annual expenses incurred by the city in maintaining the city hospital.

The judgment refusing the writ of mandamus is free from error.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.