195 So. 878

### STATE v. MOBILE COUNTY.

I Div. 85.

Supreme Court of Alabama.

May 9, 1940.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for appellant.

V. R. Jansen, of Mobile, for appellee.

GARDNER, Chief Justice.

The suit is by the State against Mobile County to recover funds expended by the State arising from publication of a proposed amendment to the Constitution, permitting Mobile County to issue and sell certain of its bonds. These facts are set out in count 2 of the complaint, together with the averment that the effect and purpose of the proposed amendment was to make the same applicable to Mobile County only; that the amount of the cost of said publication, paid by the State, was duly certified by the State Auditor (Comptroller), as required by law and presented to the county governing body, but said body has failed to make an order and cause a warrant to be drawn in payment of the claim, as required by section 233, Code of 1923.

Demurrer of the county to count 2 being sustained, plaintiff took a non-suit, and the ruling on the demurrer is the sole question here presented for consideration.

We think it clear enough count 2 discloses that the proposed amendment related to Mobile County only, and the matter of cost of its publication was within the express language of section 233 of the Code.

Nor do we consider it defective in averment as to the matter of certification. At the time when what is now section 233 of the Code first became a part of our laws (General Acts 1915, page 278), the

state auditor was the proper official to certify as to such claim by the State. But the duties of the auditor in this regard have been transferred to the comptroller. General Acts, Extra Session, 1932, page 35, sections 4 and 6. See, also, General Acts, Extra Session, 1932, page 99.

■ The statement of the purpose of the Act, as found in section 6, and considered in connection with section 4 of the Act of 1932, page 35, clearly discloses that this matter of certification of the proper amount due the State under section 233 of the Code is now a function of the comptroller, and that the state auditor has no longer any duty in connection therewith. Such being clearly the legislative intent, the comptroller, and not the auditor, is the proper official to make the certificate.

Count 2 of the complaint is to be so construed, and, as thus considered, we think it shows a correct certification of the sum due. Count 2 shows a duly certified claim was presented on a given date to the governing body of the county, and that after the expiration of ninety days the said governing body of the county has failed to make an order and cause the issuance of a warrant for the payment thereof. This sufficiently discloses a disallowance of the claim under the express language of section 5680, Code of 1923. State v. Board of Revenue, 202 Ala. 303, 80 So. 368.

■ The demurrer also challenged the constitutionality of section 233 of the Code. As to the insistence it is violative of section 218 of the Constitution, the case of Ex parte Stone, 211 Ala. 601, 101 So. 62, 63, is sufficient answer. That section, it was there held, had reference to charges which had accrued against the state treasury when the Constitution was adopted, and was intended to prevent the shifting of those existing obligations of the State on to the counties and municipalities. But we expressly held that it was "no limitation upon the power of the Legislature to declare what charges should thereafter be incurred by counties."

■■ And as to sections 284, 285 and 286 of the Constitution, they merely deal with the method of amendment and contain no reference which could in any manner be reasonably construed as a limitation upon the power of the lawmaking body as to the distribution of the cost of publication. Upon the question of cost these sections are silent. It is of course well understood that legislative acts are presumably valid, and that, apart from the limitations imposed by the organic law, either state or federal, the power of the legislature has no bounds and is as plenary as that of the British Parliament. State v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L. R. 283.

■ As we have indicated, these provisions contain no limitation whatever in respect to the matter here involved, and the argument that the cost of publication may be too burdensome to some counties is properly to be addressed to the lawmaking body. It is not a matter here for consideration.

We have considered the several grounds of demurrer interposed to count 2, and find ourselves unable to agree with the trial court that the demurrer should be sustained. Entertaining a contrary view, it results that the judgment is due to be reversed, and one here entered overruling the demurrer to said count. The cause will be remanded for further proceedings.

Reversed, rendered and remanded.

THOMAS, BOULDIN, and FOSTER, JJ., concur.