The plaintiff, University of South Alabama Medical Center, sought a writ of mandamus against defendant, Marengo County, Alabama.
The basis for the writ was that defendant had failed to satisfy a prior judgment the plaintiff had obtained against the defendant. After an ore tenus hearing, the trial court granted the writ and ordered defendant to present a plan for payment of the judgment.
Defendant appeals from the trial court's action in granting the writ. We affirm.
Plaintiff sued defendant and obtained its judgment in the amount of $6,693.20 after defendant failed or refused to reimburse plaintiff for medical services it had provided to an indigent resident of defendant-county. Plaintiff sought reimbursement for said medical services pursuant to the Alabama Health Care Responsibility Act (Act), codified at Ala. Code (1975), §§ 22-21-290 to -297. The Act places the financial responsibility for medical care rendered a county indigent by a referral hospital in another county upon the county wherein the resident resides.
On appeal defendant argues through able counsel that mandamus does not lie in this case because it cannot be compelled to pay a judgment for which it does not have funds.
In support of this argument, defendant relies upon State exrel. Gaston v. Cunninghame, 216 Ala. 423, 426, 113 So. 309, 311
(1927), in which the Alabama Supreme Court held that "[i]n cases where mandamus is resorted to, to enforce payment by a public officer out of public funds, the authorities are numerous that the lack of funds is a complete defense." While this statement is correct as a general principle of law, we find it inapplicable to the present case.
The trial court conducted an ore tenus hearing at which evidence was presented regarding defendant's ability to pay the judgment. Defendant's own witness, the county commission president, testified that the county had approximately $1,300 which was not specifically "budgeted" and was designated simply for miscellaneous contingency expenses of the county. Based upon such testimony, it was reasonable for the trial court to conclude that the "lack of funds" defense was not available to defendant.
Moreover, in granting the writ, the trial court did not order defendant to pay the entire $6,693.20 judgment immediately. Rather, it directed defendant to submit a plan for paying the judgment, thus allowing it to amend its current budget or plan for the expense in future budgets. In so doing, the trial court resolved any problem defendant might have had with an alleged, immediate lack of funds in its current budget.
We note that defendant failed to submit any plan for payment of the judgment to the trial court. This court, therefore, in view of the above, will not consider any claim by defendant that it lacks the funds to pay the judgment even under a plan, the trial court having made no determination of this matter.
It is not necessary that we make a determination regarding whether a "budgeted" item necessarily means such funds are "unavailable." It may well be that "budgeted" items are available, under the instant facts, *Page 50 
for payment of the medical services rendered.
Defendant's second argument on appeal is that mandamus does not lie in this case because its county official has no authority to pay the judgment. Defendant relies primarily upon two statutes which govern the duties and authority of the county official.
The first statute, Ala. Code (1975), § 11-12-15, simply lists the preferred claims against counties in the order in which they are to be paid. The statute does not include claims arising for reimbursement under the Act in this list. Defendant argues that, because plaintiff's claim or judgment is not a preferred claim under § 11-12-15 and because the county lacks funds to pay any claims which are not preferred or budgeted, its county official would exceed the authority vested in him if he were compelled to pay plaintiff's claim.
We find this argument to be of little merit, given the undisputed evidence, mentioned above, that the county did have at least $1,300 in surplus funds. This surplus, coupled with the fact that the trial court merely directed defendant to submit a plan for payment, clearly shows that granting the writ does not require the county official to violate § 11-12-15.
Defendant also argues that granting the writ in this case causes the county official to violate the duty imposed upon him by Ala. Code (1975), § 11-12-11. Under this statute, the county official must determine the legal liability of the county with regard to claims against it. We fail to see how § 11-12-11
could possibly be violated in this case by the granting of the writ. Any duty to determine defendant's legal liability for plaintiff's claim has been carried out for the county official by the trial court, which found that defendant was clearly liable to plaintiff.
Defendant's final argument on appeal is that mandamus cannot be used to enforce a judgment rendered pursuant to the Act because the Act is unconstitutional. In judging the constitutionality of the Act, this court is governed by the longstanding principle that
 "`[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law.'"
Home Indemnity Co. v. Anders, 459 So.2d 836, 840 (Ala. 1984) (quoting Alabama State Federation of Labor v. McAdory, 246 Ala. 1,9, 18 So.2d 810, 815 (1944)). Under this principle, we do not find the Act to be in violation of the Alabama Constitution.
The Act provides in pertinent part:
 "Ultimate financial responsibility for treatment received at a regional referral hospital by a certified indigent patient, who is a resident of the state of Alabama but is not a resident of the county in which the regional referral hospital is located, shall be the obligation of the county of which the certified indigent patient is a resident."
Ala. Code (1975), § 22-21-293. Defendant argues that the Act's placement of financial responsibility for the medical care of county indigents upon the county violates two amendments to the Alabama Constitution of 1901.
Defendant argues first that the Act allows the county to extend credit or to grant public money to a private corporation or association in violation of amendment 112 to the Alabama Constitution. Amendment 112 provides that "[t]he legislature shall not have power to authorize any county, city, town, or other subdivision of this state to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or corporation whatsoever,. . . ." *Page 51 
We fail to see how the Act can be construed to allow the county to extend credit or to grant public funds to a regional referral hospital in violation of amendment 112. The Act merely requires the county to reimburse said hospital for services rendered to county indigents.
Defendant further argues that the Act violates amendment 342 to the Alabama Constitution. Under amendment 342 "[n]o county shall become indebted in an amount including present indebtedness, greater than five percentum of the assessed value of the property therein."
Defendant asserts that the Act violates amendment 342 because it would allow states to assume debts exceeding the constitutional limitation because it imposes debt obligations which are uncertain or unlimited in nature. Under defendant's argument, the Act is contradictory to the purpose of amendment 342, which is to protect the financial condition of counties by safeguarding against extravagant expenditures.
While we recognize the wisdom of amendment 342, we disagree with defendant's interpretation of it as prohibiting a county from paying claims under the Act because they are uncertain in amount. Such an interpretation is wholly incongruent with the operation of county government, for, if true, the amendment would hamper the ability of county officials to provide for the county's needs.
We find no violation of amendment 342 by the Act's imposition of financial responsibility for the medical care of county indigents upon the county itself. This conclusion is in harmony with the Alabama Constitution's directive to the legislature to "require the several counties of this state to make adequate provision for the maintenance of the poor." Ala. Const. art. IV, § 88.
For the foregoing reasons, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.