This case concerns the validity of the Alabama Health Care Responsibility Act, §§ 22-21-290 through -297, Ala. Code (1975) (the Act).
Medical services were rendered to a Wilcox County indigent resident at the University Hospital in Birmingham (the Hospital). This civil action by the Board of Trustees of the University of Alabama (the Trustees) seeks partial reimbursement from the Board of Commissioners of Wilcox County (the Commission) for such services pursuant to the Act. The Commission's answer attacked the Act as being unconstitutional on the following grounds: that it is too vague, broad, and indefinite, that it is an unconstitutional usurpation of power, and that it authorizes an unconstitutional expenditure of public funds.
All of the material elements which were essential to a recovery by the Trustees were established under Rule 36 (a), Alabama Rules of Civil Procedure, since the Commission failed to respond to the Trustee's request for admissions. Among those admitted facts were admissions that the patient entered the Hospital for emergency treatment, that services provided to the patient by the Hospital were not available in a local hospital in Wilcox County, and that the patient was indigent and was certified as being indigent by operation of § 22-21-294 of the Act. *Page 1366 
The trial court rendered a summary judgment in favor of the Trustees, and the Commission timely appealed and presents as its only issue the question of whether the Act is so vague and indefinite as to be unconstitutional. The Commission argues that the Act so inadequately provides for notice to the Commission of the obligations which might be imposed upon it that it might wreak havoc with Wilcox County's budget without any input from the Commission.
In deciding upon the constitutionality of an act of the legislature, every presumption and intendment in favor of its validity is given by the judiciary, for it is the duty of a court to sustain a legislative act unless it is clear beyond a reasonable doubt that the act violates the constitution. HomeIndemnity Co. v. Anders, 459 So.2d 836 (Ala. 1984).
The arguments of the Commission strongly resemble the issues which were raised, and determined to be without merit, inMarengo County, Alabama v. University of South Alabama,479 So.2d 48 (Ala.Civ.App. 1985). Therein, we found no constitutional violation by reason of the Act's imposition of financial responsibility for the medical care of county indigents upon the county of their residence instead of upon a regional referral hospital which is located in another county. That conclusion was decided to be harmonious with Alabama's constitution whereby it is expressly made the duty of the legislature "to require the several counties of this state to make adequate provision for the maintenance of the poor." Ala. Const. art. IV, § 88.
Likewise, a similar constitutional challenge to a statute which required Mobile County to pay one-half of the expenses for treating indigents in a City of Mobile hospital was rejected by the supreme court, the grounds for the attack upon that act being that it was indefinite and uncertain. State exrel. City of Mobile v. Board of Revenue and Road Commissioners,202 Ala. 303, 80 So. 368 (1918).
The Act here in question is not unconstitutional. We emphasize not only that the Act does not violate any constitutional provision but also that the statute can clearly be founded upon the express authority given to the legislature by article IV, section 88 of the constitution of this state. The circuit court's entry of the summary judgment in favor of the Trustees and against the Commission is hereby affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.