# Jones v. Stokes, *et al.*

## Ejectment.

(Decided June 6, 1912.    Rehearing denied December 17, 1912.
60 South. 280.)

1. *Statutes; Construction; Title as Aid.*—Although the title cannot extend or restrain the positive language of the body of the statute, yet where the meaning is doubtful the title may be considered, especially since the constitution provides that the subject of an act shall be expressed in the title.

2. *Homestead; Widow; Setting Aside; Estate.*—Under Acts December 13, 1892 (Acts 1892-3, p. 138) it is not necessary that all of the

[Jones v. Stokes, et al.]

realty of a decedent be set aside and the setting aside of the home place to the widow as a homestead, prior to the Code of 1896, vested the absolute fee in said homestead, although there was other real property.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Ejectment by Martha Stokes and others against E. C. Jones. Judgment for plaintiff and defendant appeals. Reversed and remanded.

KEITH & WILKERSON, for appellant. It is a well settled doctrine that it is only where the real property does not exceed in area and in value the statutory exemption that an order under section 2562, Code 1896, is authorized.—*James v. Clark,* 89 Ala. 606; *Wilkins v. Walker,* 115 Ala. 590; *Chamblee v. Cole,* 128 Ala. 649; *Drake v. Sewell,* 145 Ala. 581. The setting aside of all the estate was not a condition precedent to the vesting of an absolute title in the widow under Acts 1892-3, page 138. *Brooks v. John,* 119 Ala. 412; *Jackson v. Wilson,* 23 South. 521; *Garland v. Bostic,* 23 South. 698. Neither sections 2071 nor 2100, Code 1896 can have any effect upon the widow's title since they were enactments several years after the death of her husband.

A. M. PITTS and PARTRIDGE & HOBBS, for appellee. The statutes existing at the time of the death of the husband are divisible into two classes, one defining the rights of the widow and the other providing remedies for its enforcements. In the first class are sections 2543 and 2544, Code 1887.—By Acts 1892-3, page 138, a further term is added to the definition of the title acquired by the widow and minors, which act clearly remits the exemptors to the statutes which provide machinery. The word estate as there used means all the property real and personal owned by the husband when he

died.—*Harrison v. Lamar*, 33 Ark. 827; *Jackson v. De-
lancey*, 11 Johns, 365; *North v. Graham*, 85 N. E. 267;
*Cook v. Lanning*, 40 N. J. Eq. 369; 11 A. & E. Ency.
of Law, 359-360. It follows that the conditions upon
which title shall vest absolutely is the setting aside of
all the estate.—*Tartt v. Negus*, 127 Ala. 301; *Hosia
v. Davis*, 142 Ala. 213; *Carroll v. Draughon*, 154 Ala.
430; *Newell v. Johns*, 128 Ala. 584; *Wilkins v. Walker*,
115 Ala. 590; *Garland v. Bostic*, 23 South. 698.

SAYRE, J.—Statutory action of ejectment by ap-
pellees against appellant. Plaintiffs in the court be-
low claimed as children and heirs at law of Anthony
Watson. Defendant claimed under a deed from An-
thony Watson's widow, since deceased. The question
was whether the widow had a fee which went by her
conveyance or a life estate only. The facts necessary
to be taken into account are these: The small parcel
of land in suit, a lot less than an acre in area situate
in the city of Selma, was owned and occupied by Wat-
son as a home place until his death in 1893, He left a
widow and seven children, all then of full age. The
widow continued to occupy the home place until her
death, which occurred shortly before this suit was
brought, and in 1902, by formal proceedings in the
probate court of Dallas county, the lot was set apart to
her as her exempt homestead. This tract was worth
$1,400. It appears now without conflict, and it so ap-
peared in the report of the commissioners appointed by
the probate court to set apart the homestead, that Wat-
son owned at the time of his death a lot in the town of
Greensboro, Hale county, in this state, containing seven
acres, and worth $300. There was never any adminis-
tration upon Watson's estate, but that fact is not con-
sidered to have any bearing upon the conclusion to be

reached. Appellees contend, and the trial court so held, that on these facts the act of December 13, 1892 (Acts, p. 138), operated to vest in the widow a life estate only.

In *Tartt v. Negus,* 127 Ala. 301, 28 South. 713, this same general question arose in respect to the title to a lot in the city of Mobile, but there were some differences which must be noted. There is no indication in the report of the case that the deceased owned a tract separate from his homestead. In that case, too, the owner had died in September, 1898, after the Code of 1896 had gone into effect. The court said that the widow's deed was sufficient to pass the fee "which the statute vested in her, if there was no other real estate left, or her life interest, if there was other land. In either case the plaintiffs [heirs at law of the deceased owner] would have no present right to dispossess the widow's alienee," the widow being still alive. It is entirely clear that the court had in mind the language of section 2071 of the Code which is quoted in the opinion.

In *Newell v. Johns,* 128 Ala. 584, 29 South. 609, there was a contest between the widow and the administrator who had petitioned the court for a sale of land for the payment of debts. The original owner had died in 1895, but the proceeding was commenced subsequent to the time when the Code of 1896 went into effect (February 17, 1898,) and reached this court in 1900. The court said: "In case the decedent left no real estate in excess of that exempt by law from the payment of debts, the person for whose benefit the exemption is created may, under the provision first contained in the act of December 13, 1892, now in sections 2071 and 2100 of the Code, become invested with the full legal title so far as it resided in the decedent by procuring an order of the probate court declaring the property exempt.

See *Brooks v. Johns,* 119 Ala. 412 [24 South. 345]. But such proceeding is in no way essential to the establishment or maintenance of the mere right of exemption which shields the homestead from the decedent's debts. That right exists independent of the provision made for the ultimate disposition of title."

In *Carroll v. Draughon,* 154 Ala. 430, 45 South. 919, the original owner died in 1894. The case was decided in this court February 13, 1908. One question was whether the complainant, the surviving second husband of the deceased widow (exemptioner), took any interest in the homestead. The court said: "There is lack of averment in the bill that the lands set apart as the homestead constituted all the real estate owned in this state by the deceased husband at the time of his death, or that the homestead was at the time less in value than the amount exempted by law. Consequently the bill fails to make a case in which the absolute estate vested in the widow under either section 2071, 2077, or 2100 of the Code of 1896.—*Brooks v. Johns,* 119 Ala. 412 [24 South. 345]. Construing the averments of the bill most strongly against the complainant, his wife took only a life estate in the homestead, and her deed to him conveyed only that interest, and of consequence his interest ceased upon her death."

In *Hosea v. Davis,* 142 Ala. 211, 39 South. 315, the court seems to have assumed that section 2071 of the Code of 1896 and the act of December 13, 1892, were identical in operation and effect. But they were not so identical, nor could any assumption or decision make them so.

We have stated the cases upon which the appellees rely as sustaining their recovery in the court below. It has been thus made to appear that none of them decide the precise questions here involved, and that their

[Jones v. Stokes, et al.]

language, where they have seemed to give support to appellees' contention, was held with reference to section 2071 of the Code of 1896, and without any purpose of determining whether that so-called codification of the act of December 13, 1892, effected any change in the act. There is no contention that the estate of Watson was insolvent, and it is conceded that, if his death had occurred prior to the date of the act, his widow would have taken a life estate only. The language of section 2071 of the Code of 1896 was: "When the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, the title to such homesead vests absolutely in them, whether there be administration on the estate of the decedent or not." It may be conceded that under the language of this section, if it expressed the legislative purpose at the time and applied to this case, the widow would not have taken an absolute fee. Her estate in the homestead in that event would have depended upon section 2069 of the Code of 1896, which would have created for the widow under the circumstances nothing more than an exemption from administration and the payment of debts during her life. So, then, the rights of appellant's vendor, the exemptioner in this case, having accrued subsequent to the act of December 13, 1892, and prior to the Code of 1896, the question at hand involves only an interpretation of the language of the act. The language of the section of the Code, if considered apart from other sections bearing on the same subject, may be clear enough, and, in cases within its influence, it may be that the court would be required to follow the plain and sound principle of declaring the law as it is written. Perhaps the language of the act, on the other hand, is not in all respects so clear as to entirely ex-

clude the office of interpretation. Recast so as to elim-
inate its provisions for cases involving minors or per-
sonal property, neither case being here presented, but
preserving strictly its grammatical and logical struct-
ure, the act may be quoted as follows: That whenever
the land of a decedent, who dies leaving land less in
value than the amount exempted by law, is set aside as
provided by law to the widow, the title to the land so
set aside shall vest absolutely in fee in the widow. The
argument for appellee is, in short, that, in order that
the title declared by the act shall vest absolutely, the
whole of the realty must be set aside. But we think the
statute was not fairly capable of that construction. The
purpose declared in the title of the act was to vest title
to the homestead where the estate did not exceed the
amount of the exemption. The title cannot extend or
restrain the positive language of the body of the stat-
ute, but, where the meaning is doubtful, modern doc-
trine accords a degree of consideration to the title.—
*Blakeney v. Blakeney*, 6 Port. 109, 30 Am. Dec. 574.
"Especially may the title be consulted when," as is the
case in this state, "the Constitution provides that the
subject of the act shall be expressed in the title, for,
under such consitutional provisions, the title becomes
a part of the act itself, and, upon the principle that an
act will not be construed into unconstitutionality if an-
other construction is possible, may be a limitation upon
the enacting part of the law."—26 Am. & Eng. Ency.
p. 628. By this provision of the Constitution the title
of every act must be made the subject of special consid-
eration by the Legislature. The body of the act under
review carries into effect the purpose declared in the
title, and limits the cases in which it shall operate. One
condition of its application is that the land left by the
deceased is less in value than the homestead allowed by

the Constitution and laws.   That condition was met in this case, even though it should be held that "land," where that word is first used in our provisional emendation of the statute, or "estate," where that word first occurs in the statute as actually written, means "all the land" of deceased.  So, then, the provision for that condition eliminated for convenience the meaning of the act, reading it with reference to the exigencies of the particular case, as we have heretofore suggested, was "that whenever the land of a decedent   *   *   *   is set aside as provided by law to the widow, the title to the land so set aside shall vest absolutely in fee in the widow"; and this language, when read in connection with the limited purpose expressed in the title, would seem to indicate the intention of the lawmaker to vest absolute title in the widow whenever the land of decedent, whether all or a part only of his land, is set apart as a homestead.

We have quoted above the exact language of section 2071 of the Code of 1896. . It is not contended that this section of that Code operates directly upon this case, but the strength of appellees' case is that this section has been treated by the court in the cases heretofore noted, and must now be accepted as a true codification of the act of December 13, 1892; that thereby the meaning of the act has been determined.  So far as the cases are concerned, we think our statement of them has sufficed to show that the point in question has never been directly presented to the court for decision.  The reference to the act, to be found in the margin of the section as printed in the Code of 1896, as well the common subject-matter, indicates that the section was intended as a codification in some sort of the act, and as we have seen, this court has so referred to it.  But a comparison of the two languages used in the act and

[Jones v. Stokes, et al.]

the section, with a view to their application to the particular contention of this case, shows a difference so marked as probably, without more, to exclude the acceptance of the section as a true codification of the act. Nor does it appear that the codifier or the Legislature so intended and accepted it; for the single purpose of the act, the vesting of absolute title in the widow or children, was otherwise applied in section 2100 of the same Code, which also purported to be a codification of the same act. The act was intended to fit into an elaborate scheme already prepared and expressed in the statutes for the government of the subject of homestead and other exemptions. The act of February 28, 1887 (Acts 1886-87, p. 112), was a part of the scheme. Eliminating again, for brevity, references to minors and personal property, the last-named act provided that where a resident of this state died, owning realty not in excess of the amount exempted by law—meaning, of course, as in the act of 1892, not exceeding in area or value such exemptions— and leaving a widow, commissioners should be appointed to appraise the value of the property. The law as it then was provided that if it appeared that the decedent's real property did not exceed in amount—meaning in the case of realty area—and value the exemptions allowed, the court "shall make an order setting the same apart to the widow" as exempt.—Act Feb. 12, 1885, (Acts 1884-85, p. 114); Code 1886, § 2563. These provisions were brought forward into the Code of 1896 at section 2097 et seq., and section 2100, referring in the margin to the act of 1892, was added, providing that the title to the property set apart should vest absolutely in the widow. The statute has all along provided for the setting apart of an exemption in lieu of homestead where the decedent at the time of his leath had no homestead exempt to him. So

then, although the codifier may have misconceived the meaning of the act of 1892 when framing section 2071 of the Code, or possibly thought proper to engraft a new rule, the history and language of the statutes make it reasonably clear that in making the provisions to which this case has required us to refer the Legislature was dealing with the case of a tract of land occupied as a homestead by the owner at the time of his death, and had not at all in mind the idea that the ownership of a tract isolated from the homestead ought to affect the widow's right of homestead or the character of the title to be vested in her, unless in some such peculiar circumstances as were shown in *Dicus v. Hall,* 83 Ala. 159, 3 South. 239, where two tracts, though separated, were held for one tract within the meaning of the law of homesteads. The act was assigned its appropriate place in the order of arrangement at section 2100. On these considerations it must be said, we think, without, however, intending to affect the meaning or application of section 2071, as written, in cases that may have arisen while the Code of 1896 was in effect, or, of course, since the Code of 1907 in which section 2100 has been amended, that section 2100 of that Code, when read in connection with the three preceding sections, is the only true codification of the act of December 13, 1892, to be found in the Code of 1896. That section (section 2100) does not prescribe procedure. It declares the title which shall result from the procedure of the preceding sections. The procedure of the three preceding sections was also the procedure referred to in the act of 1892 where it spoke of the estate of a decedent as "set aside as provided by law." It was the procedure followed in this case.

The act of 1892, and the proceeding had in the probate court, though that proceeding may not have been

necessary in a case where, as here, the widow was already in the actual occupancy of a homestead less in value and area than the exemption allowed by law (*Jackson v. Wilson,* 117 Ala. 432, 23 South. 521; *Garland v. Bostic,* 118 Ala. 209, 23 South. 698; *Brooks v. Johns,* 119 Ala. 412, 24 South. 345; *Thacker v. Morris,* 166 Ala. 395, 52 South. 73; *Headen v. Headen,* 171 Ala. 521, 54 South. 646), vested an absolute title to the land in suit in the widow of Anthony Watson. On the agreed facts her alienee, the appellant here, defendant below, should have had judgment.

Reversed and remanded. All the Justices concur.

