(85 South. 689)

### THOMPSON v. MILLER. (7 Div. 41.)

(Supreme Court of Alabama. June 3, 1920. Rehearing Denied June 30, 1920.)

**1. Homestead ⟨⟩146—Widow, having deeded land, without interest upon which to claim exemption.**

Where the husband of petitioner died in June, 1899, while residing on the land, and more than 20 years from the date of the death of the husband, and several years prior to the filing of the petition, petitioner sold the land constituting the homestead, the petitioner was without interest in the land, and therefore not in a position to institute proceedings, under Code 1896, § 2097 (Code 1907, § 4224), to have the property set aside as exempt.

**2. Homestead ⟨⟩70—No exemption as to town lot separate from homestead.**

A proceeding to set aside to the widow as exempt a city lot not connected with the homestead in any manner is not authorized under Code 1896, § 2097 (Code 1907, § 4224).

Somerville and Gardner, JJ., dissenting.

Appeal from Probate Court, Etowah County; L. L. Herzberg, Judge.

Petition of Millie Miller to set aside certain property to her as exempt, as the widow of James Miller, with contest by John Henry Thompson, a nephew and heir of the deceased. From a decree granting the prayer of the petition, contestant appeals. Reversed and rendered.

In August, 1919, appellee filed a petition in the probate court of Etowah county, setting up that she was the widow of one James Miller, who at the time of his death (June, 1899), and prior thereto, was a resident citizen of said county, and that he left property, real and personal, which did not exceed in amount or value the exemptions allowed by law in favor of the widow (petitioner here), decedent leaving no children and no will; and, further, that no administration has ever been granted on his estate. The petition contains a description of the property, consisting of a farm of about 120 acres and one lot in the city of Gadsden, owned by decedent, and recites that this real estate constituted all the real estate owned by decedent at the time of his death, and that he was living upon the 120 acres of land described as his homestead, and that the real estate owned by decedent at the time of his death

did not exceed 160 acres in area, or $2,000 in value.

The petition sought to have the court appoint commissioners to make an appraisement of the property and set aside the same as exempt to the petitioner from administration, etc. The commissioners were duly appointed and made their report in all respects as required by law, and their report sustained the foregoing recitals of the petition and set aside the property as exempt.

The proof offered by petitioner supported the report of the commissioners as to the property owned, as well as to its area and value at the time of the death of decedent. There was also proof to the effect that several years prior to the filing of the petition petitioner had sold the lands. The proof was without dispute that decedent resided upon the farm at the time of his death, the lot in Gadsden being in no manner connected therewith.

Exceptions to said report (which were overruled) were filed by appellant, a nephew of decedent, James Miller, upon numerous grounds, among them, that it appears petitioner had sold the land long prior to the filing of the petition, and her delay in filing said petition, and also to that part of the report setting aside as exempt the lot in Gadsden, as it was in no way connected with the homestead.

From the decree confirming in all respects the report of the commissioners, appellant prosecutes this appeal.

Motley & Motley, of Gadsden, for appellant.

The plea to the jurisdiction and exception No. 1 should have been sustained. 90 Ala. 446, 8 South. 65; 75 Ala. 546; 190 Ala. 423, 67 South. 289; 176 Ala. 167, 57 South. 752; 168 Ala. 432, 53 South. 196; 166 Ala. 86, 52 South. 328; 116 Ala. 119, 22 South. 262; 193 Ala. 574, 69 South. 459. The second and third exceptions should have been sustained. 145 Ala. 581, 39 South. 819. The fourth exception should have been sustained. 64 Ala. 277, 38 Am. Rep. 6; 96 Ala. 336, 11 South. 218; 108 Ala. 420, 19 South. 86. The sixth and seventh exceptions should have been sustained. 110 Ala. 518, 17 South. 933. The eighth and ninth exceptions should have been sustained. 118 Ala. 209, 23 South. 698; 107 Ala. 465, 18 South. 210, 54 Am. St. Rep. 110; section 2544, Code 1886.

Goodhue & Brindley, of Gadsden, for appellee.

The proceeding was properly instituted and conducted under sections 4224 to 4228, Code 1907, inclusive. 171 Ala. 521, 54 South. 646; 179 Ala. 579, 60 South. 280; 31 Cyc. 1165; 184 Ala. 360, 63 South. 542; 182 Ala. 284, 62 South. 75; 69 Ala. 510; 127 Ala. 301, 28 South. 713; 128 Ala. 588, 29 South. 609.

PER CURIAM. Appellee, as the widow of one James Miller, deceased, there being no children, filed a petition in the probate court under the provisions of section 2097 of the Code of 1896 and section 4224 of the Code of 1907; these two sections being identical.

The proof was without dispute that petitioner's husband died in June, 1899, residing at the time of his death upon the farm described in the petition, the lot in Gadsden not being in any manner connected therewith, and that this petition to set aside this property as exempt under the foregoing statute was filed more than 20 years from the date of the death of the husband, and that several years prior to the filing of the petition the petitioner had sold the land constituting the homestead, which deed appears in evidence.

[1] The majority of the court, consisting of ANDERSON, C. J., McCLELLAN, SAYRE, THOMAS, and BROWN, JJ., are of the opinion, and so hold, that the widow is without interest in the land and therefore is not in position to institute such proceedings. The majority do not consider that the case of Tartt v. Negus, 127 Ala. 301, 28 South. 713, relied upon by counsel for appellee, at all militates against this conclusion. Upon this question Justices SOMERVILLE and GARDNER do not agree.

[2] The proof also discloses that the lot in Gadsden was not connected with the homestead in any manner, and there is nothing in the foregoing statute or any of the decisions of this court construing the same (Headen v. Headen, 171 Ala. 521, 54 South. 646; Jones v. Stokes, 179 Ala. 579, 60 South. 280; Fuller v. Am. Supply Co., 185 Ala. 512, 64 South. 549), which would authorize such a proceeding as to said lot as here attempted. The court therefore holds that the exceptions to the report of the commissioners were well taken and should have been sustained and the petition dismissed.

The decree will therefore be reversed, and one here rendered dismissing the petition.

Reversed and rendered.

SOMERVILLE and GARDNER, JJ. (dissenting). The statute authorizing this proceeding is practically the same now as it was at the time of the death of petitioner's husband, and we entertain the view that as the widow, or her alienee, has been in possession of the property since the death of the husband, and the rights of no third persons have been affected, the lapse of time does not bar this proceeding. We are further of the opinion that the sale of the lands by the widow does not bar her of this proceeding, for she still has an interest in upholding the warranty of title in her deed. The reasoning of

the court in Tartt v. Negus, supra, we think, tends to support our conclusion.

We are of the opinion that under the authorities of Headen v. Headen, 171 Ala. 521, 54 South. 646; Jones v. Stokes, 179 Ala. 579, 60 South. 280; Fuller v. Am. Supply Co., 185 Ala. 512, 64 South. 549, cited in the majority opinion, the petition should have been allowed as to the homestead, but the exception to so much of the commissioners' report· as set aside the lot in Gadsden should have been sustained, and that the decree in this respect only should have been reversed.

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes