(99 South. 905)

**GLOVER et al. v. MITCHELL.** (8 Div. 632.)

(Supreme Court of Alabama. April 17, 1924.)

**1. Homestead ⬉148—Setting apart of homestead to widow and minor child divested the adult children of interest therein.**

Setting apart of homestead to widow and minor child of husband's half interest in land of which husband and wife were tenants in common, on rendition of decree of insolvency of husband's estate, divested adult children of any interest and invested the right, title, interest, and use therein in widow and minor child, under Code 1907, §§ 4196 and 4227.

**2. Partition ⬉12(3)—Surviving wife had right of sale for division of property of which wife and husband had been tenants in common.**

Surviving wife, as tenant in common with next of kin or heirs at law of deceased husband, had right of sale for division of land of which wife and husband were tenants in common and set apart as homestead, and was entitled to one-half of proceeds after deduction of proper costs and charges.

**3. Homestead ⬉150(2)—Setting apart of homestead did not divest widow of individual half interest.**

Proceeding in which homestead was set apart to surviving wife and minor child in deceased husband's half interest in land of which husband and wife had been tenants in common, on rendition of decree of insolvency of husband's estate, under Code 1907, §§ 4196, 4227, did not divest wife of her individual half interest.

**4. Homestead ⬉77—Proceeds of sale of husband's interest in land set apart kept together for joint use of widow and child.**

Husband's half interest in land owned by husband and wife as tenants in common, and set apart on husband's death as homestead, could only be used for joint benefit and protection of widow and child, and on sale of land for division and reinvestment, under Code 1907, § 4196, the proceeds of husband's half interest should be kept together for their joint use.

**5. Partition ⬉114(4)—Attorney's fees not allowed out of proceeds of sale for reinvestment of interest in land set apart as homestead.**

On sale for division and reinvestment of land owned by husband and wife as tenants in common, after husband's interest had been set apart as homestead to widow and minor child, any attorney's fees incurred and allowed must be limited to and paid out of proceeds of wife's half interest, under Code 1907, § 4196.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by Helen A. Mitchell, widow, against Donald Mitchell, a minor, and Mabel Mitchell Glover, children of John Mitchell, deceased, to sell homestead for division and reinvestment between the widow and minor child. From a decree overruling demurrer to the bill, respondents appeal. Reversed and remanded.

W. S. Pritchard, of Birmingham, and Street & Bradford, of Guntersville, for appellants.

The bill should show what the proposed reinvestment is, and should aver that it is to the best interest of the minor; no part of proceeds of the sale should be paid as solicitor's fee. Code 1907, § 4196.

Rayburn, Wright & Rayburn, of Guntersville, for appellee.

The setting apart of homestead affected only the husband's share, which vested in the widow and minor, share and share. Tyler v. Jewett, 82 Ala. 93, 2 South. 905; Code 1907, §§ 4196, 4227. The allowance of an attorney's fee is a proper charge.

THOMAS, J. The bill originally filed sought the sale of lands for division among tenants in common, and to charge a share with improvements. Demurrer being sustained, the latter claim was eliminated, and by amendment it was sought to make the bill provide for the reinvestment of the minor's share in the proceeds of the sale under provisions of section 4196 of the Code.

It is averred in the bill that the wife (complainant) and the husband (decedent) were tenants in common, each owning a half interest in the property at the time of the husband's death; that it was set apart as a homestead to the widow and the minor child, and there was a decree of insolvency of decedent's estate. It is then averred that the wife owned an undivided three-fourths interest in the property, and that the respondent Donald Mitchell (the infant) owns a one-fourth interest therein; that it would be to the best interests of said tenants to sell the property for division; and the bill then concludes with the prayer:

"That the same be sold for the purpose of division and reinvestment, and that complainant be permitted by order of said court to invest the money derived from her three-fourths interest in said lots, in another home and that the one-fourth interest belonging to said Donald Mitchell be invested under and by direction of this honorable court as may seem to the best interest of said Donald Mitchell, and for general relief."

The provisions of section 4196 of the Code of 1907 added by the Recess Code Committee are:

"* * * And shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age, except by the order of the chancery court for reinvestment with the consent of the widow in writing, if living."

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This last provision has been held not to be an enlargement of the former exemptions allowed by statute. Erlenbach v. Cox, 206 Ala. 298, 89 South. 465. The statute as we have indicated, was adverted to in Hollis v. Watkins, 189 Ala. 292, 295, 66 South. 29, 31, as follows:

"This homestead—this shelter which the humanity of the law makes for the widow—when properly set apart to her, cannot, since the adoption of the Code of 1907 (see section 4196 of said Code) be sold, even for reinvestment, without the consent of the widow."

Likewise, in the case of Clements v. Faulk & Co., 181 Ala. 219, 61 South. 264, a suit in which the widow and minor children all joined as complainants, it is said, of this statute that, if the court be convinced that it is to the interest of the minors for the sale to be made, the court may order the property sold—

"and out of the proceeds of the sale reserve that part which in equity belongs to the widow and minors, reinvest it for their benefit subject to the limitations imposed by section 4196 of the Code, and pay over to the adults the balance."

The decision in Strong v. Ford, 203 Ala. 110, 82 South. 124, declared, of the necessities of that case—where the minor had been unlawfully excluded from the enjoyment of the rents for the homestead—that on the basis of equality of enjoyment a court of equity would protect the interest of the infant so unfairly excluded from enjoyment of the homestead.

[1] The contract relations, in the instant case, of the husband and wife culminating in the purchase of the real property in question gave complainant (by purchase) an undivided half interest therein, and that passing at the death of the husband was likewise a half interest. The setting apart of the homestead, under the facts averred, in such half interest belonging to decedent at his death, divested the adult children of decedent of any further property rights or interest in the same, and invested the right, title, interest, and use therein under the statute in the widow and minor child indicated.

[2] The complainant, as a tenant in common with said next of kin or heirs at law of her deceased husband, has the right of sale of said real property for division, and when it is sold one-half of the proceeds should be paid over to her, after deducting therefrom the costs and charges duly allowed by the court and authorized under the statute in such divisions of joint properties.

[3] However, the setting apart of the homestead did impress the right and interest of which the husband died seized and possessed with the use, interest, or estate, under the statutes providing for a homestead, exemptions, etc. The proceeding setting apart the homestead did not divest the wife of her individual half interest in the lands. Tyler v. Jewett, 82 Ala. 93, 2 South. 905. The investure in the widow and minor child was in the husband's interest, share and share alike, when the conditions provided by statute obtain, as in this case. Code, 1907, § 4227; Miller v. First Nat. Bank, 194 Ala. 477, 69 South. 916; People's Bank v. Barrow & Wiggins, 208 Ala. 433, 94 South. 600.

[4] The half interest in the homestead, or, in lieu thereof, the proceeds of its sale, impressed with that use and right, can only be treated as the homestead exemption for the widow and infant, and for their joint benefit and protection. The reasons obtaining for the establishment of the homestead exemption require that the real estate, or the proceeds of the sale thereof, shall be kept together for such purpose as provided by statute, and for the joint use of the widow and the minor.

[5] If attorneys' fees are incurred, and allowed by the court under the statute, they must be limited to and paid out of the proceeds of the sale of complainant's half interest, and may not be charged or apportioned to the half of the proceeds of the sale, that must be retained for and in lieu of the homestead. The statute providing for allowance of attorney's fees in sales for division of real properties among tenants, cannot be made to apply to a sale for "reinvestment" in lieu of homestead under provisions of section 4196 of the Code. Blount County Bank v. Kay, 209 Ala. 74, 95 South. 297.

The demurrer to the bill as amended should have been sustained.

The decree of the circuit court, in equity, is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.