(104 So. 766)

**STRICKLAND et al. v. HINSON.**
**(4 Div. 162.)**

(Supreme Court of Alabama. May 7, 1925.
Rehearing Denied June 25, 1925.)

Executors and administrators ☞184—Widow having deeded land without interest on which to claim exemption.

Where widow, by warranty deed with general covenants, sold and conveyed real estate of deceased husband, held that she was thereafter without interest in such land, and could not institute proceedings under Code 1907, § 4224, to have it set aside as exempt.

Miller, Somerville, and Gardner, JJ., dissenting.

Appeal from Probate Court, Geneva County; D. G. Roach, Judge.

Petition by Elizabeth Hinson to have property set apart to her as the widow of J. R. Hinson, deceased, with contest by Mrs. C. A. Strickland and others. From a decree for petitioner, contestants appeal. Reversed and rendered.

E. C. Boswell, of Geneva, for appellants.

The widow, having sold the land, is without interest upon which to claim exemption. Thompson v. Miller, 204 Ala. 502, 85 So. 689.

Mulkey & Mulkey, of Geneva, for appellee.

The sale of the lands by petitioner, after decree setting apart the land to her, did not defeat her right to file the present petition. Tartt v. Negus, 127 Ala. 301, 28 So. 713; Blair v. Morris, 212 Ala. 91, 101 So. 745. The case of Miller v. Thompson is without application.

PER CURIAM. This is an application to the probate court by Elizabeth Hinson, widow of J. R. Hinson under the statute (section 4224, Code 1907), to have the real estate of her deceased husband, as therein described, and to which he died seized and possessed, set apart to and the title to it vested in her absolutely, on the ground that this real estate was all that he owned at the time of his death, and did not exceed in area or in value the exemptions allowed her as the widow in such property. She further alleges she was his wife at the time of his death, and he left no minor children.

Three commissioners were appointed by the judge of probate to make an inventory and appraisement of his property, and reported to the court in writing, under oath, that there was "no personal property," and that the land described in the petition contained, in the aggregate, 88 acres; that its value at the time of the death of J. R. Hinson was $1,760, and was all the real estate owned by him at the time of his death, and the said commissioners set it apart to the widow of decedent as exempt from administration. Mrs. C. A. Strickland and others,

heirs of decedent, filed exceptions to this report of the commissioners, and on the hearing, on the pleading and proof, the court rendered decree in favor of petitioner, widow of decedent, and held the property described in the petition was all the real estate owned by the decedent at the time of his death, and it did not exceed in area 160 acres, and was worth less than $2,000, confirmed the report of the commissioners, and directed the title to this land to vest absolutely in fee in Elizabeth Hinson, widow of decedent. This appeal is prosecuted by appellants from that decree.

The decedent died in Geneva county on January 8, 1914. The original petition was filed by his widow in the probate court of the county on November 5, 1914, and the court, without appointing commissioners to appraise and report on the property of decedent, heard the petition and the testimony offered, and set apart the 88 acres of land here involved to the widow as exempt from administration, and decreed that title to it vested in her absolutely. This decree was entered on January 14, 1915. The widow of decedent on February 4, 1924, filed a petition in this probate court, verified by oath, referring therein to the original petition filed November 5, 1914, and making it a part thereof, and requested the court to vacate and annul the decree of January 14, 1915, because the decree was void, no commissioners having been appointed to appraise, inventory, and value the property of the decedent, as the statute requires; and prayed that appraisers be appointed and required to ascertain and report the value of said land as of the date of the death of her husband, together with the acreage owned by him at the time of his death. The court entered a decree vacating the decree of January 14, 1915, and appointed three commissioners to inventory and appraise the real and personal property of the decedent, describing the property, stating the value of each item and parcel thereof. The three commissioners, as hereinbefore stated, made their report in writing and under oath, and exceptions to it were filed by the appellants.

The contestants in their exceptions to the report of the commissioners allege, among other things, that it should not be confirmed and the property set apart to and the title to it vested in the petitioner, the widow of decedent, because she now has no title to and no interest in this property; after her husband's death she sold and conveyed on April 21, 1915, to Mrs. T. L. Leddon a part of this land, and on December 3, 1915, she sold and conveyed the balance of this land to Mrs. Martha E. Bush.

The evidence without conflict shows that, after the death of her husband, the petitioner by warranty deed, with general covenants, sold and conveyed on April 21, 1915,

to Mrs. T. L. Leddon 38 acres of this land for a recited consideration of $500 in hand paid, and on December 3, 1915, by warranty deed, with general covenants, the petitioner sold and conveyed to Mrs. Martha E. Bush the balance, 50 acres of this land for a recited consideration of $1 and "love and affection." It appears the grantees in these two deeds were daughters of petitioner. Mrs. Bush afterwards sold and conveyed this 50-acre tract to Oscar Leddon. Since these sales and conveyances of the land were made, the petitioner, widow of decedent, has no title to nor interest in this property, and she cannot maintain this proceeding. Thompson v. Miller, 204 Ala. 502, 85 So. 689.

The trial court should have sustained the exceptions of appellants to the report of the commissioners, and dismissed the petition of appellee; and a decree to that effect will be entered here.

The decree of the probate court is reversed, and one will be rendered here in accordance with this opinion.

Reversed and rendered.

ANDERSON, C. J., and SAYRE, THOMAS, and BOULDIN, JJ., concur.

SOMERVILLE, GARDNER, and MILLER, JJ. dissent.

MILLER, J. (dissenting). The appellants insist petitioner has no interest now in this 88 acres of land, and cannot institute and maintain this proceeding to establish her title, that the report of the commissioners should have been disallowed and the petition dismissed under authority of Thompson v. Miller, 204 Ala. 502, 85 So. 689. This court so held, but we cannot concur in that conclusion. The facts in that case are strikingly different from the facts in this case. There, the widow sold the homestead several years before filing the petition, and waited more than 20 years after her husband's death before instituting the proceeding. Here, the widow filed the original petition within a year after her husband's death, and the sales of the property were not made until the court by decree, without fault on her part and without appointing commissioners to appraise the property, decreed she owned under the facts the title to the land absolutely. There are other facts differentiating this case from the Thompson Case, supra.

The case of Thompson v. Miller, supra, is clearly wrong in holding, if the widow sells the land after her husband's death, she cannot afterwards institute proceedings under this statute (section 4224, Code 1927) to have the probate court by decree ascertain and declare the facts on which her title to the property is based. This statute does not so state. It allows the widow to institute this proceeding under the circumstances mentioned therein. It does not give her this right, provided she has not sold the property after her husband's death. This land was not occupied by decedent as a homestead at the time of his death, but the trial court held, and found from the evidence on the contest of the report of the commissioners, the following facts to exist:

"That the said J. R. Hinson died January 8, 1914, in Geneva county, Ala., and was at that time a resident of said county, and left surviving him Elizabeth Hinson, his lawful wife, and no minor children, and that no administration has been granted upon the estate of J. R. Hinson, and that the property described in the petition was all the real estate owned by the said J. R. Hinson, and it appearing that the same does not exceed 160 acres, but in fact consists of only 88 acres, and worth less than $2,000."

These facts were reported by the commissioners, and are sustained by the evidence, and they entitle the widow to a decree confirming the report of the commissioners setting apart this property to her in fee simple as a homestead. Section 4227, Code 1907 (now section 7951, Code 1923), provides when this is done the property should be held and governed by section 4196, Code 1907 (now section 7918, Code 1923). This statute (section 4196, Code 1907) provides this property so set apart as a homestead "shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age, except by the order of the chancery court for reinvestment with the consent of the widow in writing, if living." Yet this court has wrongfully held the widow can forfeit her right to the homestead by selling it after her husband's death, and before it is set apart to her. This holding is contrary to this statute.

The widow by these sales forfeited no rights under this statute (section 4224, Code 1907). The Legislature, by a clear pronouncement (in section 4197, Code 1907), declared:

"And in no case, and under no circumstances, shall the widow and minor children, or either of them, be deprived of homestead or two thousand dollars in lieu thereof, if they or either of them apply therefor in manner as herein provided, before final distribution of the decedent's estate."

This mandate was ignored by this court in Thompson v. Miller, supra, and it is ignored by the majority of the court in this case.

The exemption statutes should be liberally construed so as to protect widows and minors, or either, in their homestead rights, and under no circumstances should this widow be deprived of this homestead or the right to it. She has applied for it. There has been no administration of her husband's estate. The court by decree should give it to her but the decree deprives her of it. contrary to the statute. Section 4197, Code 1907.

This court in this case is depriving this widow of her homestead rights contrary to

the plain letter and clear spirit of the statutes. It should not be done. The decree of the lower court should be affirmed, and the holding in Thompson v. Miller, supra, should be overruled.

One of the prime objects of this statute (section 4224, Code 1907), requiring these proceedings either by the widow or next friend of the minor or minors to be appointed by the judge of probate, is to have the facts judicially determined and declared by decree of the court, on which the title to the property is based, so the facts will not rest in parol, liable to be forgotten or lost by time through death of witnesses. These proceedings, when the requirements of the statutes are followed, firmly fix the facts existing at the time of the death of the husband, on which the title to the property (the homestead) rests. They become a part of the record in the cause, and the title to the homestead is made clear from the record, for public examination, for the safety of the widow or minors or both, as well as for their heirs or vendees. The statute places the duty on the widow to institute these proceedings, and if there is no widow, or she does not act, then the probate judge may appoint a suitable person as the next friend of the minors or minor who must make the application. Section 4224, Code 1907.

The two deeds, one to Mrs. Leddon, and the other to Mrs. Bush, each contain covenants of warranty, called and known as "general covenants of warranty," binding on the petitioner, the widow of decedent, which gave her under the circumstances of this case the right to continue or to institute again these proceedings in the probate court after making these conveyances, in order to perfect the title to the homstead, and to have the facts upon which the title to the homestead rested at the time of the death of her husband determined and judicially declared by the probate court in a decree. Blair v. Morris, 212 Ala. 91, 101 So. 745; Tartt v. Negus, 127 Ala. 301, 28 So. 713; section 4224, Code 1907. See, also, Jones v. Stokes, 179 Ala. 579, 60 So. 280.

SOMERVILLE and GARDNER, JJ., concur in the foregoing dissent.