(118 So. 651)

**LEDDON et al. v. STRICKLAND et al.**
(4 Div. 381.)

Oct. 11, 1928.

Rehearing Denied Nov. 30, 1928.

---

W. O. Mulkey, of Geneva, for appellants.

60 So. 391; Wood v. Barnett, 208 Ala. 295,

E. C. Boswell, of Geneva, for appellees.

438

[black redaction bars]

THOMAS, J. The question presented as to said land on former appeal was that the widow, having by deed with general covenants of warranty sold and conveyed real estate of the deceased husband, thereafter could not institute proceedings under the statute (section 4224, Code of 1907; section 7948, Code of 1923) to have the same set aside as exempt to her. Strickland v. Hinson, 213 Ala. 401, 104 So. 766; Thompson v. Miller, 204 Ala. 502, 85 So. 689. After this decision complainants filed the original bill with its exhibits thereto and as a part thereof. Grimsley v. First Ave. Coal & Lbr. Co., 217 Ala. 159, 115 So. 90. It contains the necessary averments of a bill for the sale of land for division among such joint owners. Section 9331 et seq., Code of 1923; Clark v. Whitfield, 213 Ala. 444, 105 So. 200.

■■ The amendment to the original bill, with its exhibits, was not a departure therefrom, but was supplemental thereto. It recites:

"Now come C. A. Strickland, R. S. Ward, and C. A. Pool, complainants in said cause, and amend the original bill heretofore filed in said cause as follows, viz." Middlebrooks v. Moore-Handley Hardware Co., 209 Ala. 526, 96 So. 410; Rice v. Davidson, 211 Ala. 693, 101 So. 604.

The general rule is that such pleadings are one record, and not an attempt to proceed entirely upon the amended bill. There was no averment of intention to strike the original bill. Middlebrooks v. Moore-Handley Hdw. Co., supra; Brackin v. Newman, 121 Ala. 311, 26 So. 3. The same ruling is sought in the two pleadings. Averment in the original bill that the lands cannot be equitably divided among the joint owners without a sale is a sufficient allegation of fact, and not a mere conclusion of the pleader. Smith v. Witcher, 180 Ala. 102, 60 So. 391; Carson v. Sleigh, 201 Ala. 373, 375, 78 So. 229; Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803.

The pleading and evidence supporting the same show the different interests of the parties, the nature and character of the land, as to woodland and cultivation, etc., and that it was of such nature and such small interests as afforded a basis for inference, ascertainment, and decree of sale necessary to its partition among the several joint owners of fractional interests and lienholders. Smith v. Duvall, 201 Ala. 425, 78 So. 803; Stokes v. Stokes, 212 Ala. 190, 101 So. 885.

■ The fact that some of the joint owners have purchased of other owners their interests, or have sold their original interests, or have an interest in only a part of the lands, or that joint interests are by different rights, does not affect the right of partition or sale for division. Such purchasers are proper parties (O'Neal v. Cooper, 191 Ala. 182, 67 So. 689), and one cotenant has the right of division of the common property. The purpose of the statute was to effectuate such result, and in one decree afford complete and adequate relief after the ascertainment of the right, title, interest, lien, incumbrances, and equities of the several parties in the common property. Sections 9331, 9333, Code; Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Whitehead v. Boutwell, ante, p. 109, 117 So. 623.

■ The averments of complainants of the source of their title and interest in the Hinson lands, through Sallie Ward, a deceased daughter of J. R. Hinson, and the answer of respondents containing admissions as to such averred source of title and respective interests therein, are sufficient for the purpose of partition. In the absence of evidence of debts due by a deceased ancestor, as between the respective parties to whom the lands descended under the statute, in this proceeding for partition, the foregoing averments and admissions are not sufficient to place upon complainants the necessity to show that there was no administration on the estate of a deceased ancestor, Sallie Ward, and no debts due by said decedent. Teal v. Pleasant Grove Local Union, 200 Ala. 25, 75 So. 335. By the death of the ancestor the real property descends to the next of kin, unless intercepted by administration for the payment of debts. Respondents, so admitting complainants' interest, will not be heard to question the right to maintain the bill for partition, or to effectuate that result by a sale for division, for failure to bring in a personal representative of Mrs. Ward. In Whitehead v. Boutwell, supra, the existence of personal estate and debts of Mrs. Whitehead were shown; hence the necessity for her administrator as a party that the estate as such be bound by the final decree.

■ The right to assignment of dower was recently discussed in Whitehead v. Boutwell, supra; Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932. And the burden of having dower assigned is placed on him who is the owner of the fee. Shelton v. Carrol, 16 Ala. 148; Callahan v. Nelson, 128 Ala. 671, 29 So. 555; Yarbrough v. Yarbrough, supra; Whitehead v. Boutwell, supra. However, proceedings to have dower assigned to the widow of decedent are required to be instituted "within 10 years" after the right accrues (under the statute) on "the death of the husband and not after," as to lands of which he died seised and possessed. Code of 1907, § 3837; Code of 1923, § 7450. In Robertson v. Robertson, 191 Ala. 297, 68 So. 52, is noted the difference of the present statute of limitations as to assignment of dower from that under Code of

1896, § 1528. The limitation of 10 years from the accrual of the right was added in Code of 1907, § 3837.

It is of statutory provision that the "widow is dowable" (Code, §§ 7449, 7450) in the lands and in amounts dependent upon the facts on which are based the prescriptions of the statute (sections 7427–7429, Code; Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932), and governed by the law in force at the time of the death of the husband (Ware v. Owens, 42 Ala. 212, 94 Am. Dec. 672).

In Todd v. Interstate Co., 196 Ala. 169, 71 So. 661, and in Reeves v. Brooks, 80 Ala. 26, the widow, having joined in the conveyance of the husband's land, was not heard to claim dower after his death in the lands so conveyed. In the last-cited decision the nature of the claim or right of the wife to dower was declared as not a legal estate or interest in the lands of the deceased husband, until a specific part of the land is allotted and set apart to her for her dower estate; that until then it is in "nature a right lying in action." The assignment of the right of dower before allotment is effective in equity that will in a proper case be enforced and protected as the right of the transferee. Reeves v. Brooks, 80 Ala. 26; Long v. Long, 195 Ala. 560, 70 So. 733.

The death of Mr. Hinson was on January 8, 1914, and this bill was filed more than 10 years thereafter, on June 27, 1925. The bill as first amended was of date of December 29, 1925, and as last amended was of date of August 31, 1926; respondents' demurrer was filed on February 16, 1926, answer of date of June 16, 1926, and as amended was of date of September 1, 1926. It is manifest that respondents were barred as assignees of the right of dower, to have the benefit of the land in equity. We have indicated that all controverted titles, claims, liens, equities, or interest in the land under the statute will be disposed of in this proceeding; and the final decree will be so molded as to ascertain and protect the respective rights, equities, liens, or incumbrances of all parties to the lands in question before the sale. Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Whitehead v. Boutwell (Ala. Sup.) 117 So. 623.[1] It follows from this that we find no error in overruling the demurrer to the bill as amended.

The respective phases of the evidence are discussed in the opinion of the learned circuit court (in equity), and the decree rendered is within the issues of fact presented by the pleading, and is supported by the evidence. It is hardly necessary to repeat the same.

It is without controversy that the legal title to the 88 acres of land in question was in Mr. J. R. Hinson at the time of his death on January 8, 1914. He did not occupy or use the same as his homestead. There were no minor children. These lands passed on his death to his children living and the children of his deceased children, subject to homestead and dower rights, when duly asserted. The evidence fails to disclose such due assertion of right by the widow, and that after 10 years had elapsed since the husband's death such rights were barred.

In November, 1914, the widow filed petition in the probate court to have title vested in her, and void order was made January 14, 1915, granting that petition, without compliance with the requirements of the statute. Sections 4224–4227, Code of 1907; Strickland v. Hinson, 213 Ala. 401, 104 So. 766; Miller v. First Nat'l Bank, 194 Ala. 477, 69 So. 916; Berry v. Manning, 209 Ala. 587, 96 So. 762; Glover v. Mitchell, 211 Ala. 136, 99 So. 905. Subsequently she recognized the invalidity of the last-recited order, asked its vacation, and the original petition or proceeding was treated as pending and was amended to comply with section 4224, Code of 1907, and eventuated in a decree that was reversed and rendered against the widow in Strickland v. Hinson, 213 Ala. 401, 104 So. 766. Having deeded the land held without interest on which to claim her asserted exemption, she therefore could not prosecute to effect proceeding under Code of 1907, § 4224, "to have it set aside as exempt."

It followed that the widow, having acquired no title or interest under the foregoing proceedings, could not convey to those respondents here, claiming under her deed. The burden here rests upon the claimants (Leddons), as against those holding by descent from decedent Hinson, to bring the formers' possession of the lands within one of the prescriptions of the statute for adverse possession (section 2830, Code of 1907), and for a period of 10 years immediately preceding the filing of this bill. These alternative statutory requirements for such possession are: (1) Under deed or color of title, duly recorded, for 10 years before commencement of the action; or (2) unless he or those through whom they claim have annually and duly listed the land for taxation for 10 years prior to suit, if the land is subject to taxation; or (3) unless he derives title by descent cast, or devise from a predecessor in title who was in possession of the land. Code of 1923, § 6069.

The possession of the widow was permissive in inception and referable to the legal title and subservient thereto. Yarbrough v. Yarbrough, supra. No adverse claim was filed under the statute. She had no color of title, as adverted to by one of the specifications of the statute. Clark was in possession in 1914, as tenant, and paid the rent to said widow, and held over; in February, 1915, the widow brought suit against Clark and had judgment for the possession, and by agreement carried into the judgment was permitted to remain in the possession (except the 10

---

[1] Ante, p. 109.

acres) as the tenant of the widow. He paid her the rent for 1915 for the land, less the exception, and as to this 10 acres Oscar Leddon paid her the rent. It results from this that the possession of Clark and that of Leddon, paying rent and attorning to the widow for that year, was the possession of Mrs. Hinson. Until about January, 1916, there was no change in the possession. At this date the Leddons (Oscar and Mrs. T. L.) entered or asserted their possession to said land under the respective deeds given them by the grantors, the widow Hinson (of date of April 7, 1916) and Mrs. Ellen Bush (of date of December 22, 1916).

The possession of Oscar Leddon to the 10 acres that he cultivated and paid rent to the widow in 1915, under the deed from the widow to Mrs. T. L. Leddon for possession to the lands, was not exclusive, since Clark was in possession of the larger tract as the tenant of said widow. The learned circuit judge observed:

That the possession of land, to ripen into title, "must be adverse and under a claim of right, actual, open, notorious, exclusive, hostile, and continuous for a period of 10 years next before the filing of the suit, and the adverse holder must bring himself within one or the other of the first three specifications of section 2830 of the Code of 1907. It is true that the deed from the widow to Mrs. T. L. Leddon to 38 acres of this land was of record more than 10 years before suit filed, but the testimony fails to show that she was in the adverse possession by herself or agent within the meaning of the law for such a period of time prior to the filing of the bill in this case. Nor does the testimony show that the widow, or either of the Leddons, listed the lands for taxes for the year 1915. In the opinion of the court, the Leddons have failed to bring their possession of any portion of the land within either of the first three specifications of the section mentioned, and therefore their claim of title by adverse possession must fall. Oscar Leddon, having acquired by deed from Ellen Bush her interest in 50 acres of the land, owns an undivided one-seventh interest in such 50 acres. Mrs. T. L. Leddon has no right, title, claim, or interest in any portion of said lands in controversy. The claim of the estate of L. E. Burford, deceased, under the mortgage executed to Burford by Oscar and T. L. Leddon, must stand or fall with the claim or right of the said Leddons, and under the finding of the court said mortgage is valid as against the interest of Oscar Leddon in the 50 acres of land described in deed to him from Ellen Bush. Mrs. C. A. Strickland, E. M. Hinson, J. T. Hinson, and Esther (Hinson) Smith each owns an undivided one-seventh interest in the 88 acres; the children of John Hinson, deceased, own jointly an undivided one-seventh interest in the 88 acres; R. S. Ward and Mrs. C. A. Poole each owns an undivided one-fourteenth interest in the 88 acres; Ellen Bush owns an undivided one-seventh interest in the SW¼ of SE¼, section 20, township 2, range 24, less 2 acres of said 40 sold to the Primitive Baptist Church; Oscar Leddon owns an undivided one-seventh interest in the SE¼ of SE¼, section 20,

township 2, range 24, and 10 acres in the northeast corner of the NE¼ of NE¼ of section 29, township 2, range 24, all in Geneva county, Alabama." McCraw v. Lindsey, 209 Ala. 214, 95 So. 898; Cox v. Broderick, 208 Ala. 690, 95 So. 186.

We have carefully examined the evidence under the pleading, and find that the decree of the circuit court is without error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.