(118 So. 385)

## CHAMBERS et al. v. CHAMBERS.
### (5 Div. 998.)

Supreme Court of Alabama. Oct. 18, 1928.

R. B. Barnes, of Opelika, for appellants.

Denson & Denson, of Opelika, for appellee.

GARDNER, J. J. R. P. Chambers died on May 1, 1908, a resident of Lee county, leaving 80 acres of land and personalty less in value than $1,000. Surviving decedent were his widow, Mrs. M. J. Chambers (his second wife), and no minor children, but several adult children by the former marriage. In July, 1927, Mrs. Chambers filed in the probate court of Lee county her petition asking that exemptions be set apart to her as the widow of J. R. P. Chambers, deceased, and disclosing there had been no administration upon the estate.

This petition set forth all necessary averments to confer jurisdiction upon the probate court, authorizing a decree establishing the status resulting in the vesting of a fee-simple title to the property in the widow. Section 4224, Code of 1907; section 7948, Code of 1923.

Commissioners were duly appointed, report made and confirmed, and final decree rendered in accordance with the prayer of the petition. The heirs of said decedent were made parties to this proceeding and interposed certain objections or exceptions thereto, which were denied, and from the final decree rendered they have prosecuted this appeal.

From the pleadings thus interposed it is made to appear that the widow had in July, 1908, filed in said probate court her petition seeking the same relief as in the present proceeding, which was followed through to final decree, but which her counsel in January, 1927, concluded was of doubtful validity for lack of necessary jurisdictional averments in the petition that the property therein described constituted all the property owned by decedent at the time of his death and did not exceed in value and amount the exemptions allowed in favor of the widow. Miller v. Thompson, 209 Ala. 469, 96 So. 481; Singo v. McGhee, 160 Ala. 245, 49 So. 290; Cogburn v. Callier, 213 Ala. 46, 104 So. 330.

Counsel therefore on this latter date filed a bill in equity in the Lee county circuit court seeking to have the court declare that the proceeding in the probate court in 1908 was sufficient to vest fee-simple title in the widow, or, if found otherwise, and to be void, that the court ascertain the facts and so declare the title. All the probate proceedings were made exhibits to the bill. There were also averments appropriate for statutory bill to quiet title. The heirs of decedent, J. R. P.

Chambers, were made parties, and demurred to the bill upon numerous grounds, among them the bill was without equity and disclosed upon its face the court had no jurisdiction for the relief sought. The demurrer was sustained and time for amendment allowed. Subsequently, the bill not being amended within the time allowed, decree was rendered dismissing the bill.

Upon the hearing in the probate court in the present proceedings, the heirs of decedent plead in abatement the pendency of the equity suit, and we are cited to what is termed the modern doctrine in 1 Corpus Juris, p. 53. The general rule, however, as recognized in this state, is found set forth in the following language of the opinion in Southern Ry. Co. v. Hayes, 183 Ala. 465, 62 So. 874:

"The plea, at best, alleged the pendency of a suit in equity. This, as a rule, is not a good plea in abatement of an action in a court of law. The remedy in such cases is to apply to the court of equity to require the plaintiff to elect as to which action or suit he will first prosecute to judgment."

Some of the reasons stated for the contrary doctrine in Corpus Juris, supra, are without application to our system. But, in any event, the foregoing general rule has long been recognized in this state, and we see no occasion to depart therefrom. The case of Orman v. Lane, 130 Ala. 305, 30 So. 441, cited by appellant, does not militate against this conclusion.

It is next insisted that the dismissal of the bill upon failure of complainant to amend within the time allowed by order of the court was, under Chancery Rule 28, equivalent to a dismissal upon the merits and the decree rendered is therefore res adjudicata, citing Crowson v. Cody, 215 Ala. 150, 110 So. 46.

Much stress is laid upon the feature of the bill as one to quiet title under the statute, and that therefore the dismissal, treated as a decree upon the merits, must be held to have adjudged conclusively title adversely to the widow. The argument, however, overlooks the object of such a statutory bill, wherein the sole question for determination (in the absence of affirmative relief sought by cross-bill) is whether respondents have title or interest in the property, and not the ascertainment of the title or interest of complainant. Burkett v. Newell, 212 Ala. 183, 101 So. 836; Vaughan v. Palmore, 176 Ala. 72, 57 So. 488; Empire Land Co. v. Sanford, post, p. 318, 118 So. 563.

As to this feature of the bill it is therefore clear the plea of res adjudicata is not well taken. Likewise as to the remaining feature. The bill disclosed upon its face there was no obstacle in the way of complainant proceeding in the probate court, as was done by this present proceeding, and that the remedy at law was adequate and complete. The statute (section 4224, Code of 1907) conferred no power on a court of equity to pursue the course there outlined to fix the status of the property that the title of the widow might be defined. This statute expressly confers such power and authority upon the probate court. In Evans v. Evans, 213 Ala. 265, 104 So. 515, a recourse to that statute had been lost to complainant and she was without any remedy at law. The relief awarded in this case was to rest upon equitable principles, under the jurisdiction of a court of equity to grant relief where there is no plain and adequate remedy at law, and was to be consummated by the court according to its own rules, unembarrassed by any fixed statutory procedure.

The bill here in question, disclosing the court had no jurisdiction of the subject-matter, and that complainant had a plain and adequate remedy at law, its dismissal will not be held a decree upon the merits under Chancery Rule 28, as decided in State v. Crane Co., 18 Ala. App. 194, 89 So. 901, reviewed by this court, and certiorari denied in 206 Ala. 701, 90 So. 926. See, also, to like effect, Beck v. Karr, 209 Ala. 199, 95 So. 881. The defense of res adjudicata was not established.

It is further insisted that the petition should be denied under the authority of Strickland v. Hinson, 213 Ala. 401, 104 So. 766, and Thompson v. Miller, 204 Ala. 502, 85 So. 689, upon the ground that the widow had executed a mortgage upon the property in question. In the cases above cited, the widow had by warranty deed conveyed her entire interest in the property. By the execution of the mortgage there remained in the widow the equity of redemption, which is a property interest (Zimmern v. People's Bank, 203 Ala. 23, 81 So. 811), entirely sufficient to sustain her petition. These authorities are therefore here inapplicable.

We have considered the several objections urged to the decree, and conclude they are not meritorious.

The decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.