194 So. 647

**DAVIS et al. v. BATES.**

**8 Div. 982.**

Supreme Court of Alabama.

March 14, 1940.

J. G. Rankin and Thos. S. Woodroof, both of Athens, for appellants.

R. B. Patton and Geo. C. Johnson, both of Athens, for appellee.

BROWN, Justice.

This appeal is from a final decree of the Probate Court rendered in a proceeding instituted under the provisions of § 7948 of the Code 1923, and rendered in accordance with the provisions of § 7951.

The petition sets forth all the jurisdictional facts, and the proceedings in all things prima facie regular, and the decree is due to be affirmed, unless the facts following, as to which there is no dispute, deprived the court of jurisdiction to entertain the petition at the suit of the petitioner therein.

William Davis, who died in Limestone County, Alabama, in April, 1921, owned and occupied with his wife, M. A. Davis, now Bates, the property in question as a homestead, the lands consisted of seventy-four acres and did not exceed in value $2,000 and was all the land owned by said Davis, and there was no administration on his estate. Mrs. Davis remaining in possession, married a Mr. Bates, and on January 16, 1926, they conveyed the land in suit by warranty deed to Mat B. McLemore, who had the deed recorded and took possession of the land thereunder. The collateral heirs of Davis, appellants here, brought ejectment against McLemore, but were denied a recovery by the Circuit Court of Limestone County, and that judgment was here affirmed. Cox et al. v. McLemore et al., 236 Ala. 559, 183 So. 860.

Thereafter the widow and heirs of McLemore, he having died pending the ejectment suit, reconveyed the property to the appellee, on a recited consideration of $1,500, the price which she received when she conveyed to McLemore. Only $1 of that sum was in fact paid to the widow and heirs of McLemore, who remained in possession.

These facts were presented to the Probate Court on the hearing of their exceptions to the report of the Commissioners setting apart the lands as exempt, alleging in such exceptions the facts recited above.

The appellants insist that the appellee has no such interest in the land as authorizes her to institute the proceedings under the statutes, above cited; that she is not now claiming under her husband as exemptioner, but as the grantee of the widow and heirs of McLemore.

In support of their contention appellants cite Thompson v. Miller, 204 Ala. 502, 85 So. 689; Strickland et al. v. Hinson, 213 Ala. 401, 104 So. 766; Tharp et al. v. Johnson et al., 219 Ala. 537, 122 So. 668; and Leddon et al. v. Strickland et al., 218 Ala. 436, 118 So. 651.

In Thompson v. Miller, and Strickland v. Hinson, supra, the exemptioner had parted with her title and had no interest in the property when the proceedings were instituted in the Probate Court. The controversy in Tharp et al. v. Johnson, supra, was governed by the statutes found in the Code of 1876, and the Act of February 28, 1889, brought forward in the several Codes was not applicable to that controversy. The effect of said act, as repeatedly held, was to prevent waiver of the right of exemption by a sale and abandonment of possession by the exemptioner. Cox et al. v. McLemore et al., supra, and authorities cited therein.

In Leddon et al. v. Strickland et al., supra, the property, at the death of the husband, was not his homestead. It was a part only of his holdings in real property, and had not been by possession and use impressed with the character of homestead. The right of the exemptioner in that case depended on timely selection by her.

In the case at bar the property was the homestead of the decedent, so occupied and used at his death, and in consequence of a rather bungling revision of the statute in the Code of 1907, § 4198, now § 7920, Code 1923, the entire title presumptively passed to and vested in the widow as exemptioner as against creditors, and all others except "the other heirs of decedent." As to them, as the statute declares: "The title to the homestead shall not vest absolutely in them [the widow and minor children] as against the *other heirs of decedent* until it is so set apart and until it is judicially determined *that it is all the real estate* owned by the decedent, and that it is not of greater value than two thousand dollars." Code, 1923, § 7920. [Italics supplied.]

The Code Commission in rewriting the statute apparently had in mind the other lineal descendents, not collateral heirs, but this is water that has passed, as the right of collateral heirs has been recognized in the several decisions cited above.

The grounds and only grounds given to "the other heirs" by the statute on which they may contest the exemptioner's right to have the homestead "so set apart," is that it exceeded in area one hundred and sixty acres, and in value $2,000 and was not all the real estate owned by such decedent at his death. The statute fixes no time limit within which the proceedings may be instituted where there is no administration on the decedent's estate, except it can not be instituted under the statute now § 7948 of the Code, within sixty days of the decedent's death.

The right of "the other heirs" to contest on the statutory ground was in no way affected by the conveyance made by the exemptioner to McLemore, and the reconveyance by the widow and heirs of McLemore to the exemptioner. The reconveyance merely put the exemptioner in the same condition she was at the death of her husband—restored the status quo—in so far as the proceeding is concerned. The Probate Court, a court of law, deals with the status of the title as it existed when the right of the exemption arose through her husband's death.

We are, therefore, of opinion that the decree should be affirmed. It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.